## VALENTINE v. RAWSON ET AL.

1. **Mechanic's Lien: STATEMENT.** The statement for a mechanic's lien should set forth the time when the materials were furnished, and should show the account upon which the demand is founded. The simple statement that a certain sum is due is not sufficient.

*Appeal from Guthrie Circuit Court.*

TUESDAY, OCTOBER 25.

ACTION to enforce a mechanic's lien. There was a judgment for plaintiff. Defendant appeals.

*I. B. Carpenter* and *Chas. S. Fogg*, for appellants.

*C. W. Weeks*, for appellee.

BECK, J.—I. The petition alleges that plaintiff, under a contract with Rawson, furnished lumber for constructing a one-

story frame dwelling house and fence, upon an eighty-acre tract of land, which is described according to the congressional subdivisions, and that a claim and statement for a lien was filed in the office of the clerk of the District Court, January 16, 1879. The petition does not attempt to state when the lumber was furnished, and when the improvements were commenced and completed.

Judgment was rendered against Rawson by default. The defendants, Whitmore and wife, answered the petition, denying its allegations and alleging that Whitmore is the owner of the premises, and that they were never owned by Rawson. Whitmore appeals.

The testimony shows that plaintiff filed in the office of the clerk of the District Court the following statement and claim for a lien:

"*State of Iowa, Guthrie County, ss:*

" I, William Valentine, first being duly sworn, depose and say that I, on the — day of — 1877, made a contract with William Rawson to furnish material for a certain dwelling house and fencing, situated upon the following described land, of which the said William Rawson was then and is now the owner of in fee simple, under contract of purchase, to-wit:

" South half of northwest quarter of section twenty-three (23), township seventy-eight (78), north range thirty-two (32), west 5th P. M., Iowa. That under and by virtue of said contract the said William Valentine furnished materials for said building, etc., as specified, and two several promissory notes were given by the said William Rawson to the affiant, as follows: one for $77.41, dated July 4, 1877; one for $106.58, dated January 18, 1878; at the respective dates, at and for the usual prices charged for such lumber material.

"And that said account is a just and true account for the materials furnished by said William Valentine, and that there is due and owing him thereon, after allowing all credits, the sum of one hundred and eighty-three dollars and ninety-nine

cents, for which said William Valentine claims a mechanic's lien upon the said building, including said land upon which the same is situated.

"[Signed]                     WILLIAM VALENTINE.

"Subscribed and sworn to by William Valentine before me in my presence this 16th day of January, 1879.

{ SEAL }                                 L. P. HAMMOND.

"Notary Public in and for Guthrie county, Iowa.

"Filed January 16, 1879.          W. H. CURTIS, Clerk."

II. Code, section 2133, provides that one who claims a mechanic's lien shall file in the office of the clerk of the District Court "a just and true statement or account of the demand due him after allowing all credits, setting forth the time when such material was furnished or labor performed, and when completed."

1. MECHANIC'S LIEN : statement.

The paper filed by plaintiff fails to comply with this provision, in that it does not show when the lumber was furnished, and does not contain a "statement or account" of the demand due plaintiff. The simple statement that a sum is due plaintiff, for which promissory notes were given, is not the statement or account required by the statute. It should show the account whereon the demand is founded.

The statement in the paper filed that plaintiffs in the year 1877 entered into a contract to furnish materials does not tend to show when they were furnished.

The plaintiff should show by his claim that he is entitled to a lien, which depends upon the nature of his demand and the time when it accrued; these should therefore appear. We conclude that the law has not been so far complied with as to give plaintiff a lien.

REVERSED.