## MARTIN v. MORGAN.

1. **Mechanic's Lien:** ACTION BY SUB-CONTRACTOR TO ESTABLISH: AVER-
MENTS REQUISITE IN PETITION: PRACTICE IN SUPREME COURT. Where
a sub-contractor undertakes to enforce a lien, he should show in his peti-
tion such indebtedness on the part of the owner to the contractor, either
at the time the sub-contractor's account commenced, or later, as will jus-
tify the court in decreeing a lien; since, under section 2134 of Miller's Code,
the owner cannot be required to pay a greater amount, or in any other
manner, or at earlier dates, than those provided in his contract; but, not-
withstanding the defect in the petition in this case, on account of the
manner in which the same has been presented, the evidence is consid-
ered, (see opinion,) and, it appearing therefrom that plaintiff is
entitled to a lien for a certain amount, the judgment is modified
accordingly.

*Appeal from Polk Circuit Court.*

WEDNESDAY, JULY 23.

ACTION to enforce a mechanic's lien. The defendant was
engaged in building a hotel in the city of Des Moines, under
a contract with one Cate to furnish the labor and materials.
The plaintiff furnished brick as a sub-contractor under Cate,
and this action is brought on a balance of account for such
brick. The last charge was made July 30, 1881. The state-
ment and affidavit for a lien were filed August 8, 1881, and
notice thereof was served upon the defendant upon the same
day. The defendant for answer denied that the plaintiff was
entitled to a lien. There was a decree for the plaintiff for a
lien for $199.11. The defendant appeals.

*Mitchell & Dudley*, for appellant.

*W. W. Barclay* and *Barcroft, Bowen & Sickmon*, for
appellee.

ADAMS, J.—The petition contains no averment that there
was anything due the contractor at the time the plaintiff's

account commenced, or that anything became due to him thereafter. Section 2134 of Miller's Code provides "that nothing in this act shall be construed to require the owner to pay a greater amount, or in any other manner, or at earlier dates, than those provided in his contract." Where the owner, before the sub-contractor's account commences, pays the contractor in accordance with the terms of the contract all that is due him, and nothing afterwards becomes due him, the sub-contractor's lien cannot attach. *Stewart v. Wright*, 52 Iowa, 335. Where, then, a sub-contractor undertakes to enforce a lien, he should show in his petition such indebtedness on the part of the owner to the contractor, either at the time the sub-contractor's account commenced, or later, as will justify the court in decreeing a lien. The plaintiff's petition in this respect is deficient. The evidence, too, upon both sides, is exceedingly meager and unsatisfactory. It shows clearly enough that the contractor, after receiving large payments, abandoned the job, and became liable to large damages for not finishing it. At the time he abandoned it, according to the testimony of the defendant, there was nothing due him. There is no pretense that anything was paid him between the time the first brick were furnished by the plaintiff and the time he abandoned the job. If, then, there was nothing due the contractor at the time he abandoned the job, there was nothing due him when the plaintiff's account commenced, nor afterwards. Nor does it appear that any payments of money earned were made prematurely. If the defendant had paid in advance of the time stipulated, it is possible that the plaintiff might have been allowed to say that he relied upon the contract, and was justified in supposing that there was something remaining due; but nothing of this kind is claimed.

If this were all that there is of the case, it would seem very clear that the plaintiff is not entitled to a decree for a lien. But the case is complicated by the fact that, notwithstanding the defendant testified that there was nothing due

the contractor at the time he abandoned the job, he proceeded to make payments to the amount of $1,160. We are, to be sure, inclined to think no part was paid to the contractor, but it seems to have been paid as due under the contract. We cannot reconcile the fact of the payments with the defendants testimony that there was nothing due the contractor, without supposing that he regarded the money as absorbed by liens. If it had been, it would in a certain sense not be due to the contractor. We should, indeed, be inclined to take this view of it, and give full force to the defendant's testimony that there was nothing due the contractor, but his counsel do not claim that the evidence as to payment upon liens would justify us in doing so. There is some evidence of the foreclosure of one lien, and payment by the defendant thereon of $426.17. That is about all that can be said. The balance paid, to-wit, $734.17, was subject, so far as we can see, to the plaintiff's lien, unless the contractor was overpaid, and it appears to us that he was. It was provided in the contract that if Cate failed to perform the job the cost of finishing it might be charged to him. The cost of finishing it appears to have been such that the whole cost was $640.05 in excess of the contract price. When Cate abandoned the job and broke his contract, his real claim was to be adjusted with reference to the cost of finishing the work. He was really overpaid $640.05. We think, then, that there was $94.12 subject to the plaintiff's lien, and that he was entitled to a decree for that amount, with six per cent interest from July 30, 1881, the date of the last item.

We ought, perhaps, to say that, while the plaintiff served written notice of his lien, the payments were made before such service, and the defendant contends that they were made without any knowledge that the plaintiff had furnished brick. But we think that the defendant was chargeable with knowledge, under the rule laid down in *Gilchrist v. Anderson*, 59 Iowa, 274. The defendant testified that he knew that Cate was getting brick somewhere; that he knew that he did

not manufacture them, and was buying them of some one else.

In view of the deficiency of the petition and the unsatisfactory condition of the evidence, we might have felt justified in dismissing the plaintiff's petition, but for the manner in which the case was tried below and is presented in this court. We have endeavored to respect the theory of the parties, as far as we could, hoping that, by doing so, we might approximate most nearly to justice between them.

MODIFIED AND AFFIRMED.