OTHMER BROS. v. CLIFTON & BISHOP ET AL.

1. **Mechanic's Lien on Church**: SUB-CONTRACTOR: FORM OF STATE-MENT: NOTICE TO AND PAYMENT BY TRUSTEES. Plaintiffs, as sub-contractors, filed a statement for a mechanic's lien for work and materials done and furnished in building a church, which statement did not show when the several items were done or furnished, but showed that the contract was entered into November 15, 1884, and that the last work was done and material furnished June 6, 1835. Notice of the claim for a lien was not served until July 1, 1835, but June 9, 1885, the church was owing the principal contractors more than enough to pay plaintiffs' claim, and one of the trustees knew the last of May that plaintiffs were working on the church. June 9, 1835, the trustees paid out to other sub-contractors, who might have established liens, but did not, all of the contract price yet remaining in their hands. *Held*—

   (1) That, as against the church, the statement for the lien was sufficiently definite.

   (2) That the church was charged with such actual notice of plaintiffs' claim as to oblige it to withhold from the principal contractors sufficient money to pay it. (*Gilchrist v. Anderson*, 59 Iowa, 274; *Fay v. Orison*, 60 Id., 136.)

   (3) That it was not justified in paying the money to other sub-contractors, even though it was done according to a previous understanding with them; but it should have waited until all liens were filed, and then paid them in the order of their priority.

*Appeal from Keokuk Circuit Court.*

FRIDAY, OCTOBER 22.

ACTION to establish a mechanic's lien. The plaintiffs' show by their petition, that, under a contract with the defendants Clifton & Bishop, they furnished material and performed labor in painting a church building, which they aver belonged to the White Oak U. P. Church. By "U. P. Church" we presume that they mean "United Presbyterian Church," as we find it so designated in some of the documents attached as exhibits. Clifton & Bishop made no defense. The United Presbyterian Church appeared and answered. A decree was rendered against Clifton &

Bishop, as prayed, but the plaintiffs' petition was dismissed, as against the church, and judgment was rendered in its favor for a part of the costs. The plaintiffs appeal.

*Mackey & Fonda*, for appellants.

*C. G. Johnston* and *Sampson & Brown*, for appellees.

ADAMS, CH. J.—The plaintiffs seek to establish a lien as sub-contractors under Clifton & Bishop. The defendant, the United Presbyterian Church, denies that the plaintiffs are entitled to a lien, for the reason, as it alleges, that the plaintiffs filed no such statement or account as the statute requires. It is not denied that a statement was filed, but it is contended that it does not show when the material was furnished or the labor performed. That it is necessary that it should so show was held in *Valentine v. Rawson*, 57 Iowa, 179. The plaintiffs, however, contend that it does so show, and we have to say that we think that their position must be sustained. The statement shows clearly enough that the last material was furnished, and the last work was done, on the sixth day of June, 1885. It shows, also, that the contract, which embraced the whole materials and work, was entered into on the fifteenth day of November previous. There may be some doubt as to when the first materials were furnished and first work was done, but it is certain that it was between the fifteenth day of November, 1884, and the sixth day of June, 1885. That, we think, is sufficient for the purposes of this case; because on the ninth of June, 1885, the church was owing the contractors more than enough to pay the plaintiffs, and it should have withheld enough to pay them, provided it had notice, as we think it had.

The written notice of a claim for a lien was, it is true, not served until July 1, 1885, and the last money due from the church appears to have been paid out June 9, 1885. But, notwithstanding no notice had been served when that pay-

ment was made, the church was not justified, if it had knowledge of the plaintiffs' labor and materials, or should be deemed to have such knowledge by reason of knowledge of facts which should have put it upon inquiry. *Gilchrist v. Anderson*, 59 Iowa, 274; *Fay v. Orison*, 60 Id., 136. But one of the trustees of the church admits that he knew the last of May, 1885, that the plaintiffs were painting the church. This settles the question of notice, so far as the last payment was concerned.

The church contends, however, that no lien can be had by plaintiffs by reason of any money which it owed the contractors after such notice, because what it paid after that was not paid to the contractors, but to sub-contractors, who might have established a lien if they had not been paid. But the fact appears to be that those sub-contractors did not establish a lien, and the plaintiffs did. The church should have made no payment, so long as it knew that there were subcontractors who might establish a lien. It should have waited until all such liens were filed, and then discharged them according to their priority. It is contended by the church that the last payment was made by it in accordance with a previous understanding with the sub-contractors to whom it was made. But such previous understanding cannot stand in the way of the plaintiffs, who have seen fit to rely upon the lien given them by statute.

We think that the judgment must be

REVERSED.