The Chicago Lumber Co. v. Woodside et al.

THE CHICAGO LUMBER CO. v. WOODSIDE ET AL.

1. **Mechanic's Lien**: SUBCONTRACTOR: PAYMENT TO CONTRACTOR: NOTICE. Where the owner of an improvement knows that subcontractors are furnishing labor and materials, and knows who they are, he cannot defeat them of their rights under the mechanic's lien law by paying to the contractor, or to subsequent subcontractors on his orders, the contract price of the work, in disregard of the claims of the prior subcontractors.

2. **Practice in Supreme Court**: IMMATERIAL QUESTIONS. This court will not determine which of two mechanic's liens is entitled to priority, where it appears that both are sufficiently secured and will be paid.

*Appeal from Polk Circuit Court.*

MONDAY, MARCH 14.

ACTION to foreclose a mechanic's lien. The defendant Joseph Rogg is the owner of the property in question. In June, 1885, he entered into a contract with the defendant Woodside for the construction of a building. Woodside contracted with the plaintiff to furnish the lumber for the building, with the exception of the doors, sashes, etc., furnished by the Capital City Planing Mill Company. The plaintiff claimed a lien for the entire balance due it, to-wit, $452.61. The court decreed that the plaintiff was not entitled to a lien for the whole of such amount, but was entitled to a third lien to the extent of a balance remaining unpaid by the owner to the principal contractor, to-wit, the sum of $235.68. The plaintiff appeals.

*Berryhill & Henry*, for appellant.

*Mitchell & Dudley* and *Parsons & Perry*, for Joseph Rogg, appellee.

*Read, Hutchinson & Read*, for Capital City Planing Mill Co.

*Smith & Morris* and *James Embree*, for other appellees.

ADAMS, CH. J.—The plaintiff commenced furnishing lumber to the contractor, Woodside, July 8, 1885, and continued to furnish lumber until October 8, 1885, on which day it furnished the last item. Within thirty days therefrom, to-wit, October 26, 1885, it filed a statement for a lien, and served notice thereof upon the owner Rogg. The contract between Rogg and Woodside called for payments as the work progressed. Rogg proceeded to make payments, and paid upon the contract, either directly to Woodside, or to subcontractors upon his orders, about $1,600 after the plaintiff began to furnish lumber, and the balance remaining unpaid is not sufficient to secure the plaintiff. The principal question presented is as to whether the plaintiff's lien attached for the full amount due him, notwithstanding the payments made by the owner.

1. MECHAN-IC'S lien: subcontractor: payment to contractor: notice.

The plaintiff took all the steps required by statute to acquire a lien for every item of lumber from the time it was furnished. This being so, the plaintiff has a *prima facie* right to such lien. If the right did not arise under the statute thus fully complied with, it must be by reason of a fact which excused the owner in making the payments, and the burden of proving such fact rested upon the owner. He contends that he was excusable in paying Woodside, because he was ignorant of any claim on the part of the plaintiff for the lumber furnished by it to Woodside. But it was not necessary for him to know that the plaintiff had a claim. If we should hold that it was, we should go far towards frittering away the whole mechanic's lien law, so far as subcontractors are concerned. On this matter of knowledge there was some conflict in the evidence, as might be expected. According to the testimony of Woodside, Rogg knew that the plaintiff was furnishing the lumber, and was not being paid in advance, nor as each item was furnished, but that it was to be paid out of the money coming due to Woodside on the building. According to the testimony of Rogg, he simply knew that

the plaintiff was furnishing the lumber. Taking Rogg's testimony to be true, it will be seen that the case is an ordinary one, and such as might be expected to arise every day. The owner sees men furnishing labor or materials under the contractor, and neither sees nor hears anything more. Can he properly proceed to pay the contractor upon the assumption that the men furnishing the labor or materials have been paid in advance, or contemporaneously with the furnishing of the labor or materials? We think not. Laborers are not usually paid in advance, nor strictly as the labor progresses. Nor is material usually paid for in advance, nor as each item is furnished, where, as in this case, it is furnished from time to time during a considerable period.

In the case of *Othmer Bros. v. Clifton & United Presbyterian Church*, 69 Iowa, 656, the church was charged with a lien in favor of subcontractors, notwithstanding the church had paid the contractor. The fact was that one or more officers of the church had knowledge that Othmer Bros. did painting on the church as subcontractors, but did not know that they were not paid in advance, nor as the work went on. This court thought that the church was bound to take notice that the painters might be acquiring a claim against the contractor for which the statute gives a lien.

Where the owner knows that subcontractors are furnishing labor or materials, and knows who they are, he should not be excused in paying the contractor in disregard of their claims. He would, we think, be put upon inquiry. Nothing could be easier than the ascertainment of their claims. Nor is it any hardship upon him to require that he shall withhold payment during the time which the law allows the subcontractor to perfect his lien. The hardship, if any, arises after he has once needlessly proceeded in disregard of rights which the statute was designed to give. And, as the evidence shows that more money became due from the owner to the contractor after the plaintiff commenced furnishing lumber than was necessary to pay it and others having prior liens, it

follows that in our opinion the plaintiff was entitled to a lien upon the property for the full amount due.

One other question has been presented, and that is as to priority of liens. The court held that the defendant, the Capital City Planing Mill Company, had a lien for $54.61 paramount to the lien of the plaintiff. In the view which we have taken of the case, it appears that both claims are sufficiently secured, and will be paid, and, if so, the question of priority has no practical importance.

2. PRACTICE in supreme court: immaterial questions.

