SIMONSON BROTHERS MANUFACTURING COMPANY, Appellant, v. CITIZENS STATE BANK OF GOLDFIELD *et al.*

**Mechanic's Lien:** ACTIONS IN REM. An action to foreclose a mechanic's lien, where no personal judgment is asked, is a proceeding *in rem.*

NOTICE BY PUBLICATION: *Adjudication upon.* Code, 1873, section 2618, subdivision 5, provides that jurisdiction may be obtained of a defendant on service by publication "in actions brought against nonresidents of this state, or a foreign corporation, having in this state property or debts owing to such defendant, sought to be taken by any of the provisional remedies, or to be appropriated in any way." *Held,* that a subcontractor. who holds an open, unliquidated account against the principal contractor may bring an action against the owner to foreclose his lien, and, in the same action have adjudicated the amount of his claim against the principal contractor who is served, only by publication, with notice of the action.

RIGHT OF SUBCONTRACTOR. Where the contract between the principal contractor and an owner was that the owner was to pay for the work and material as the building progressed, and the owner knew that a subcontractor was furnishing material for the building, and that he was not being paid by the principal contractor, if the owner settles with the principal contractor who files his statement of lien in due time, without holding back enough to pay the subcontractor, the latter will be entitled to his lien therefor.

BURDEN OF PROOF.  A subcontractor seeking to foreclose a mechanic's lien has the burden of proving what was due the principal contractor at the commencement of such subcontractor's account, or at the time the notice of lien was served.

MISTAKE IN STATEMENT.  Where the statement for a mechanic's lien, by an honest mistate, which harmed no one, was for a greater sum than was due, it does not defeat the lien.

*Appeal from Wright District Court.*—HON. B. P. BIRD-SALL, Judge.

SATURDAY, APRIL 9, 1898.

ACTION to establish and foreclose a mechanics' lien. Trial to court.  Decree for defendant.  Plaintiff appeals. —*Reversed.*

*A. Ueland* and *Peterson & Humphrey* for appellant.

*Nagle & Nagle* for appellee.

WATERMAN, J.—The Citizens' State Bank entered into a written contract with one Lofgren, who is also a defendant herein, whereby he was to construct for it, in Goldfield, a building for banking purposes.  Lofgren procured of plaintiff, whose place of business is in Minneapolis, Minn., sash, doors, and woodwork for said building, to the amount, as claimed by plaintiff, of three hundred and thirty-nine dollars and eighty-two cents, balance due.  Lofgren left the state, without settling with plaintiff.  The latter filed a statement for a mechanic's lien on said premises, and brings this action to foreclose the same.  Lofgren was served with notice by publication, and made default in the court below.  This is a sufficient statement of the facts to give an understanding of the first point presented for determination.

II.  Plaintiff's claim is on an open account, and the first question submitted is whether a subcontractor, who

holds an open, unliquidated account against the principal contractor, may bring an action against the owner to foreclose his lien, and in the same action adjudicate the amount of his claim against the principal contractor, who is served, only by publication, with notice of the action. That the subcontractor cannot foreclose his lien until the amount due him from the principal contractor is settled or adjudicated may be conceded. *Vreeland v. Ellsworth*, 71 Iowa, 347; *Kerns v. Flynn*, 51 Mich. 573 (17 N. W. Rep. 62); Phillips, Mechanics' Liens, section 397. The contention of appellee is that plaintiff's claim against Lofgren was purely personal, and that there can be no adjudication against him until the court has jurisdiction of his person, and that this cannot be acquired on service by publication. It would, indeed, be a singular defect in our law if a subcontractor, who has a right to a mechanic's lien, can be prevented from enforcing it by the absconding of the principal contractor. We have always regarded an action to enforce a mechanic's lien as in the nature of a foreclosure of a mortgage. Where no personal judgment is asked, it is strictly a proceeding *in rem.* Phillips, Mechanics' Liens, section 305, 2 Black, Judgment, section 810. Our statute provides that jurisdiction may be obtained of a defendant, on service by publication, "in actions brought against a non-resident of this state, or a foreign corporation, having in this state property or debts owing to such defendant sought to be taken by any of the provisional remedies, or to be appropriated in any way." Code 1873, section 2618, subd. 5. We cannot perceive why, under this provision, a plaintiff's right, as against his debtor cannot be as fully adjudicated in the foreclosure of a mechanic's lien as it could in an attachment suit, or in the foreclosure of a mortgage. We are not impressed with the reasoning of the two cases cited

by appellee, and which were decided by an intermediate court of Colorado. In *Castleberry v. Johnston*, 92 Ga. 499 (17 S. E. Rep. 772), also in appellee's brief, the intimation is expressly against the claim made here. The case is reported without an opinion, but the syllabus is by the court. While it is held that, when the principal contractor has absconded, an action to foreclose, based on an unliquidated account, cannot be maintained by a subcontractor unless the former is served with notice, it is said also that the notice may be by publication. But authorities scarcely seem necessary. The action here is but a method of condemning to plaintiff's use money, in the possession of the bank, that belongs to Lofgren. This can certainly be done, as against a non-resident upon whom personal service cannot be obtained.

III.   On November 12, 1895, the day of filing its statement for a lien, which was within thirty days of the time of delivering the last material under its contract, plaintiff served on the bank written notice of its claim. It is not denied that prior to this time the bank had knowledge of the fact that Lofgren was purchasing material from plaintiff. Defendant claims to have paid Lofgren in full. The burden was upon plaintiff to prove what was due Lofgren from the bank at the time its account commenced, or at the time of service of its notice. *Martin v. Morgan*, 64 Iowa, 270. The evidence is meager and unsatisfactory, both as to the terms of the contract, and the manner in which it was performed. The answer of the bank states that under the contract with Lofgren it was required to pay for the work and material as the building progressed. As we have remarked, it knew plaintiff was furnishing material for the building. We might go further, and find that it knew plaintiff was not being paid by Lofgren; for it refused to cash a check

drawn on it, which plaintiff had received from Lofgren on account. The circumstances all indicate that, if the bank had acted upon its knowledge of plaintiff's rights, it could have held back from what was due Lofgren enough to pay plaintiff's entire claim. This it should have done. It had no right as against plaintiff, under the circumstances, to settle with Lofgren in full. *Gilchrist v. Anderson*, 59 Iowa, 275; *Fay v. Orison*, 60 Iowa, 136; *Andrews v. Burdick*, 62 Iowa, 718; *Lumber Co. v. Woodside*, 71 Iowa, 359; *Hug v. Hintrager*, 80 Iowa, 359; *Othmer v. Clifton*, 69 Iowa, 656; *Merritt v. Hopkins*, 96 Iowa, 652. The more recent case of *Epeneter v. Montgomery County*, 98 Iowa, 159, does not alter the rule announced in these cases. The payments under the contract in that case were to be made at fixed times, and the holding is that the owner may pay at such times, regardless of his knowledge of subcontractors and their claims, so long as a lien is not filed, and he served with notice thereof. The rule so announced was based upon the particular wording of the contract and of the statute under which the case arose. Acts Twentieth General Assembly, chapter 179.

IV.   There is no merit in appellee's claim that the lien should not be allowed because the statement, as filed, was for a greater sum than was due. This was an honest mistake, for which plaintiff should not be made to suffer. It harmed no one. *Lumber Co. v. Miller*, 98 Iowa, 468, and *Chase v. Mining Co.*, 90 Iowa 25.

V.   The amount due, and for which plaintiff is entitled to a lien, is two hundred and ninety-seven dollars and seventeen cents. The judgment of the district court is reversed, and the case will be remanded for a decree in harmony with this opinion, or the plaintiff may, at its option, have a decree in this court.— REVERSED.