THE GREEN BAY LUMBER COMPANY, Appellant, v. J. A. ADAMS, HULDA HODOWAL AND JOSEPH HODOWAL, Appellees and Appellants.

**Mechanic's Lien :** ESTOPPEL. A material man stated to the house 1 owner, while the house was unfinished, that the principal contractor "had paid all his bills as he had paid them last winter,— when the buildings were finished." *Held*, that this did not estop. him from asserting his lien for material furnished the contractor.

**RIGHTS OF SUBCONTRACTORS.** Where a house owner, knowing that a. 2 material man was furnishing material for which he had not been paid, and having funds due the contractor sufficient to pay the duly-perfected lien for material, pays the contractor in advance and also other subcontractors, who had not filed their liens, he is. liable for the amount of the material man's lien.

*Appeal from Jackson District Court.*—HON. P. B. WOLFE, Judge.

THURSDAY, APRIL 6, 1899.

SUIT in equity to establish and foreclose a mechanic's. lien. From a decree establishing a lien for part of the amount claimed, both parties appeal. As plaintiff first perfected its appeal, it will be called appellant.—*Reversed* on plaintiff's appeal. *Affirmed* on defendants' appeal.

*D. A. Fletcher, D. A. Wynkoop,* and *C. C. & C. L. Nourse* for appellant.

*R. W. Henry* for appellees.

DEEMER, J.—Defendant Hulda A. Hodowal, through her husband, Joseph Hodowal, as agent, entered into a contract with defendant J. A. Adams to erect certain buildings.

and improvements upon some land owned by her in Jackson county. The contractor purchased lumber and building materials of plaintiff for the erection of one of the houses to the amount of six hundred and forty-nine dollars and six cents, and plaintiff claims that four hundred dollars and thirty-six cents of this amount remains due and unpaid. The contract price for the building of the house was one thousand three hundred dollars, which was to be paid as follows: January 31, 1896, four hundred and fifty dollars, two hundred dollars when the roof was on, two hundred dollars when ready for plastering, one hundred and fifty dollars when plastering was finished, two hundred dollars when carpenter work was done, and one hundred dollars when painting was finished. Defendants claim that plaintiff's bill, with the exception of ninety-eight dollars and fifty-six cents, which was for extras, was fully paid by the principal contractor before the commencement of this suit; that the principal contractor was fully paid, in accordance with the terms of his contract, before plaintiff gave notice of the filing of its lien; and that plaintiff is estopped, by reason of certain statements made by its agent as to the condition of its account, from claiming more than the amount of the bill for extras. The trial court found the balance claimed by plaintiff was correct, but established its lien for only two hundred and forty-nine dollars and ten cents.

The first question in the case relates to the state of the account between plaintiff and Adams. Without setting out the evidence on which we base our conclusions, it is sufficient to say that we are well satisfied that the balance claimed by plaintiff to be due is correct, and that the judgment rendered by the trial court against Adams for the full amount of the claim is sustained by the fair weight of the evidence. Defendants' plea of estoppel has no support in the evidence. The most that can be claimed for the evidence relating to this issue is that plaintiff's agent stated that "Adams had paid all his bills as he had paid them last

winter,—when the buildings were finished." At this time the house was not completed. The only question which remains is, for what amount should plaintiff's lien be established? Plaintiff furnished the first item of his account December 9, 1895, and the last June 26, 1896. It filed its lien July 15th, and served notice upon the owner July 24, 1896. The owner, through her agent, knew that plaintiff was furnishing the material, and that it was not being paid for, yet she claims that she had paid Adams one thousand one hundred and three dollars on April 24, 1896. At this time neither the carpenter work nor the painting had been completed. The first payment was not made in accord with the terms of the contract, and agreement was made that time of payment of the last be extended until July 4, 1896. Plaintiff insists that but nine hundred and eighty-five dollars was paid on the contract on April 24th, and that, as none of the payments were made in accordance with the terms of the contract, and as all were made with full knowledge of its claims, it is entitled to have its lien established for the full amount due from Adams. We do not find it necessary to ascertain just how much the owner had in fact paid the contractor on April 24th, although we may remark, parenthetically, that defendant admits that on June 25, 1896, there was two hundred and ninety-five dollars and fifty-six cents available to all sub-contractors. If there was this amount due at that time, then, as plaintiff perfected its lien within the time required by law, and as the owner had knowledge that it was furnishing material for which it had not been paid, she was not justified in paying other sub-contractors until the time had expired for the filing of liens. *Lumber Co. v. Woodside,* 71 Iowa, 359; *Othmer v. Clifton,* 69 Iowa, 656. In any event, plaintiff was entitled to have its lien established for the amount thus admitted. But, as the owner did not pay it in strict accordance with the terms of her contract, but undertook to pay the contractor in advance, and to pay the sub-contractors who had not filed

their liens, and as she had knowledge, through her agent, that plaintiff had furnished materials for the building, she should be held responsible for the full amount of plaintiff's claim. *Simonson Bros. Mfg. Co. v. Citizens' State Bank,* 105 Iowa, 264, and cases cited; *Lumber Co. v. Thomas,* 106 Iowa, 154. Again, if it be conceded that part of the payments were made to the contractor in accordance with the terms of the contract, it clearly appears that three hundred dollars of that amount,—being the last two payments,—were not so paid, for some of this amount was paid to sub-contractors, and the remainder to the contractor in advance of the time when it was due. Adding the bill for extras to this amount, and we have practically the amount of plaintiff's claim. We are inclined to believe, however, that the owner did not pay the full amount claimed by him to Adams, and that the amount due him, added to the admitted bill of extras, and the amount paid sub-contractors, is in excess of plaintiff's claim. Confirmation of this conclusion is found in the fact that defendant's agent agreed with plaintiff as to the amount due it, and promised to sign a note for the amount.

Counsel for Mrs. Hodowal cite *Frost v. Rawson,* 91 Iowa, 553, and *Walker v. Queal,* 91 Iowa, 704, as conclusive of the question before us. Neither case seems to be in point. In each the notice to the owner was given more than thirty days after the last item of account was furnished. We are of opinion that plaintiff was entitled to have its lien established for the full amount of its claim, and the case is remanded for such a decree, or, at plaintiff's option, exercised within twenty days from the date of filing this opinion, it may have a decree in this court. REVERSED on plaintiff's appeal. AFFIRMED on defendants' appeal.