W. M. WHEELOCK, Appellee, v. FLORETTE E. R. HULL *et al.*, Defendants; JOHN A. DAVIS *et al.*, Defendants and Appellants, and one other case.

**Building contracts:** SUBCONTRACTORS: PRIORITY OF LIENS. Where a
1    subcontractor does not seek to enforce his lien, but relies upon an unaccepted order given by the contractor for the amount of his claim, he becomes an ordinary creditor of the contractor with no specific rights against the property, or the owner personally, for any balance due the contractor after payment of all enforcible claims against the property, save such as he may have acquired by the order.

**Proof of uncontroverted fact.** The introduction of proof, to estab-
2    lish a fact which is properly alleged and nowhere contradicted by the pleadings, is not necessary.

**Verification of instruments:** OMISSION OF SEAL. Failure of the clerk
3    to affix an impression of his official seal to the verification of a statement filed in his office, does not render the verification ineffectual, nor invalidate the statement.

**Mechanic's liens:** PARTIES. In an action to enforce the lien of a
4    subcontractor for an unliquidated demand, the principal contractor is a necessary party.

**Enforcement of subcontractor's lien.** A subcontractor who files his
5    lien and serves the statutory notice is entitled to enforce the same against the property for the full amount of his claim, regardless of the contract price, where the owner had actual notice of his employment in time to have protected himself in a settlement with the original contractor.

*Appeal from Boone District Court.*— HON. J. R. WHITAKER, Judge.

FRIDAY, SEPTEMBER 30, 1904.

ON August 15, 1901, defendant Hull entered into a written contract with E. C. Culver for the erection of a dwelling house in Boone, the material provisions thereof being that said Culver agreed to furnish all labor and material, and said Hull agreed to pay the sum of $2,955, in four installments, as follows: Eighty-five per cent. of the finished work at the following stages: (1) When the foundation is complete; (2) when the roof is complete; (3) when the house is inclosed, completed outside, except last coat of paint; (4) within forty days after completion of the contract. Payments to be made upon written statement of the architect. "If at any time there shall be evidence of any claim or lien for which, if established, the owner might become liable, * * * the owner shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to indemnify her against such claim or lien." Plaintiff, Wheelock, commenced this action in equity August 19, 1902, making Florette E. R. Hull, John A. Davis, and the Fehlheisen-Rosacker Lumber Company defendants, claiming that Culver contracted with him to do the plumbing work in said house at the agreed price of $350; that to secure payment of said sum, and on April 8, 1902, Culver gave him a written order, addressed to defendant Hull, as follows: "Pay W. M. Wheelock for plumbing contract of house on Greene street to be due as architect shall specify, $350 and deduct from my contract. [signed] E. C. Culver;" that on April 10, 1902, he served upon defendant a written notice advising her of his contract with Culver and of said order, with copy thereof attached. Plaintiff alleges performance of his contract, and it is his contention that by said order and notice there was assigned to him the sum of $350 of the amount due or to become due Culver; that more than said sum is due from defendant Hull, and she is indebted to him (plaintiff) in said sum. The other defendants are referred to as subcontractors under Culver, who filed liens subsequent to the date of the plaintiff's order

and the notice alleged. Judgment is asked against defendant Hull, and that the other defendants be decreed to have no superior rights in the premises. Defendant Hull answered, admitting the contract with Culver; alleging that he abandoned the work before completion, and that she has been compelled to expend on that account the sum of $80.43; admitting that there is still due from her on said contract the sum of $874.57; that liens and claims have been filed exceeding in amount said sum; and that, while she is willing to pay, she is unable to determine who is of right entitled thereto. She offers to confess judgment for the amount in her hands, etc.

The defendant lumber company answered, denying the allegations of plaintiff's petition; alleging its claim and mechanic's lien for materials furnished, filed June 4, 1902; that the lien claimed by it is superior to the claim of plaintiff; and praying foreclosure. August 26, 1902, John A. Davis, being the defendant Davis in the Wheelock case, commenced his suit against Mrs. Hull, and making E. C. Culver and the lumber company defendants; alleging a contract with defendant Culver for the painting of the Hull house, and the performance of the work, for which he was to be paid the sum of $125; alleging the filing of his claim for lien June 19, 1902, and notice thereof in writing to defendant Hull on the same day; further, that defendant Hull had actual knowledge of the work being done by plaintiff before paying the April estimate to and for Culver, and that such estimate as made by the architect was based in part upon the fact that the first coat of paint had been put on the house by plaintiff. Judgment and decree of foreclosure is demanded. Davis also answered the petition of plaintiff, Wheelock, in which he admitted his lien claim, and made reference to his suit brought to foreclose the same; denying each and every other allegation. The defendant Hull answered the petition of Davis as in the Wheelock case. By agreement of all parties the said causes were consolidated, and upon the issues thus

formed trial was had resulting in a decree finding; first, that defendant Hull was entitled to credit for $80.43, cost of completion; second, providing for the costs of suit; third, finding in favor of plaintiff, Wheelock, for the sum of $350, and ordering payment; fourth, finding in favor of the lumber company for the balance in the hands of defendant Hull, viz., $491.52 and ordering payment; fifth, canceling the lien of Davis and the lien of the lumber company for the amount in excess of that ordered paid. From said decree the lumber company and John A. Davis separately appeal.— *Reversed* on both appeals.

*R. F. Dale* and *J. L. Stevens,* for appellant *Fehlheisen-Rosacker Lumber Co.*

*Charles Whitaker,* for appellant *Davis.* ·

*Crooks & Snell,* for appellee *Wheelock.*

*S. R. Dyer,* for appellee *Hull.*

BISHOP, J.— Upon certificates of the architect payments were made by defendant Hull November 9, 1901, $800 being the amount of the first and second estimates of work completed, and April 5, 1902, $1,200 being the amount of the third estimate. It is conceded by all parties that she had paid the sum alleged by her to complete the building, and of this no complaint is made. The April payment was made, $700 to the defendant lumber company, $340 to various material men and laborers, not including appellant Davis, and $160 to the principal contractor, Culver. The balance in the hands of Mrs. Hull is therefore the sum of $874.57, as stated in her answer.

I. The logical order of disposition seems to indicate that we first dispose of the matters of contention respecting the rights of plaintiff, Wheelock. It may be granted that the indebtedness on account of which the order was drawn

grew out of labor and material supplied to the building in question, and that, had he so elected, plaintiff might have established a lien therefor by proceeding in accordance with the

**1. BUILDING CONTRACTS: subcontractors; priority of liens.** statute. Not having availed himself of the benefits of the statute, we think it clear that his position is that of an ordinary creditor of Culver, with no specific rights against the property of Mrs. Hull, or any right as against her personally, save alone such as were conferred by the unaccepted order held by him. We may concede that the effect of the order and the notice was to work an equitable assignment of so much of the amount to become due and payable to Culver for the construction of the building; this in the qualified sense, however, that Culver could not, by his order, confer any greater rights than were his to transfer.

It will be observed that the order given plaintiff was dated April 8, 1902, and notice thereof was given to Mrs. Hull April 10, 1902. On April 5th there had been paid to Culver eighty-five per cent. of the value of the work finished on that date. What, then, were the rights of Culver as between himself and defendant Hull, to which plaintiff succeeded under the order given him. Plainly, it was the right of Mrs. Hull to have the building completed and delivered to her free of claims and liens enforceable against her. She was under no obligation to pay any further sum to Culver until such condition of affairs was brought about. Now, it appears that she knew that the lumber company and Davis were furnishing materials and labor for the building, and that such was necessary for its completion. It was her right, therefore, and her duty as well, to withhold all further payments until the claims for such material and labor were determined. Such is the effect of our holdings under the existing mechanic's lien statute. Code, section 3093; *Othmer v. Clifton,* 69 Iowa, 656; *Iowa Mtg. Co. v. Sanquist,* 70 Iowa, 124; *Fullerton L. Co. v. Osborn,* 72 Iowa, 472, and cases cited, *infra; Simonson v. Bank,* 105 Iowa, 264. The rights of Mrs. Hull meas-

ured the duty of Culver, and it follows as a necessary corollary that his right was limited to payment of the balance, if any, of the contract price after all enforceable claims had been satisfied. To the extent of the sum of $350 plaintiff, Wheelock, succeeded to such right on the part of Culver, and he acquired no other rights under the order given him.

There is no force, as we think, in the contention that at the time the order was given the claims of the lumber company and Davis, on which recovery is now sought, had not accrued, in larger part at least, and that in consequence the order was entitled to precedence. A complete answer to this is found in the fact that at the time nothing was due, in the sense of being enforceable, to Culver. Whether anything would be due was contingent upon the showing made at final settlement. In the meantime the material and labor necessary to a completion of the building must be procured and paid for. By failing to preserve his right to a lien, and contenting himself with a simple unaccepted order, plaintiff took the chances on there being a balance due and payable to Culver, and he cannot be heard to assert a personal claim against Mrs. Hull superior to the claims of those holding liens upon her property. The case of *Cutler v. McCormick*, 48 Iowa, 406, relied upon by appellant, was decided under a former statute. Section 2133 of the Code of 1873, then in force, provided that the lien of a subcontractor could be enforced only to the extent of the balance due from the owner to the contractor at the time notice of the lien was served. Under the present statute the rights of a subcontractor are not thus limited. By properly filing his claim and serving notice, he is entitled to a lien for the full amount due him, and of this he cannot be deprived by any adjustment or arrangement between the owner and the principal contractor. See the cases above cited. The case of *County v. Hinkley & Norris*, 62 Iowa, 637, cited by the appellee, is not in point. It follows that the trial court was in error

in directing payment to plaintiff, Wheelock, in preference to the claims of the defendants lumber company and Davis.

II. We may next consider the contentions in respect of the lien claim of the lumber company, and the decree so far as such lien claim is thereby established. To begin with, appellees insist that the record contains no sufficient proof of the fact that a statement for lien was made and filed as alleged. We think otherwise. The filing of such statement for lien is alleged in the respective petitions filed by each of the appellants. In its answer and cross-petition the lumber company admit the filing of its statement for lien, and set out a copy thereof as a part of the pleading. The facts thus pleaded are in no wise controverted by any subsequent pleading. It was not necessary, therefore, to introduce any proof as to the fact that such a statement for lien had been made and filed. *Bloomer v. Glendy,* 70 Iowa, 757. But, if this were not so, we think that the record makes it appear that the statement was introduced in evidence. While the president of the company was upon the witness stand the statement was exhibited to and identified by him. At this point counsel for plaintiff interposed an objection, as follows: " Objected to as not the best evidence." Following this the statement was offered in evidence, and to this there was no objection. As the statement was the original, it was the best evidence, and hence the objection would have been without force had it been addressed to the offer instead of the identification.

It is next insisted that the statement for lien filed with the clerk was of no validity, for that it was not properly verified before filing. The defect pointed out is that the deputy clerk of the court, before whom the statement was sworn to, failed to attach an impression of the seal of the clerk. That the deputy clerk had power to administer the oath is conceded. Code, section 393. Inasmuch as the document sworn to was

*Marginal notes:*

2. PROOF OF UN-CONTROVERTED FACT.

3. VERIFICATION OF INSTRUMENTS: omission of seal.

intended to be and was filed in the office of the clerk, the mere failure to attach thereto the official seal of the clerk could not have the effect to render ineffectual the verification or invalidate the document to which it was attached. *Finn v. Rose,* 12 Iowa, 565; *Wetmore v. Marsh,* 81 Iowa, 677.

The principal contractor, E. C. Culver, was not made a party defendant in the Wheelock case. He is named as a defendant in the Davis case, but it does not appear that he

4. MECHANICS' LIENS: parties.

was in any manner served with notice prior to the time of the trial, and it is certain that he did not appear for any purpose connected therewith. The contention is made that, as the account between the lumber company and Culver was an open and unliquidated one, no decree should have been rendered in favor of the company, except upon an adjudication against Culver. With this contention we are in accord. The contract of the lumber company was with Culver, and it was entitled to have its lien established only for such amount as upon adjudication it might be found Culver was indebted to it. Certainly, no adjudication of an unsettled account between the company and Culver could be had in the absence of the latter as a party in fact to the proceeding. *Vreeland v. Ellsworth,* 71 Iowa, 347. The conclusion thus reached is not in conflict with the holding in *Simonson v. Bank, supra.* In that case it appeared that the principal contractor had absconded, and service of notice was had upon him by publication.

It does not follow, from our present holding, that any rights which the lumber company may have under its lien are lost to it by the irregularity in the proceedings so far had. The conclusion reached by us must have for its result simply a remand of the case to the trial court, to the end that Culver may be brought in, and, through an adjudication against him, the rights of the company determined, as far as dependent thereon, as against all parties to the record. Upon such adjudication being had, whatever sum is found to

be due, the lumber company will be entitled to priority of payment.

III. The lien claim of defendant Davis was properly filed and notice thereof served as required by statute. That he is entitled to the balance of the funds in the hands of de-

**5. ENFORCEMENT OF SUB-CONTRACTOR's LIEN.** fendant Hull after the claim of the prior lien holder the lumber company has been satisfied follows as a matter of course. It is his contention, however, that, if such amount falls short of satisfying his claim, he is entitled to enforce his lien against the property for the balance remaining unpaid, and, in view of the circumstances appearing, we think this contention must be sustained. It appears without dispute that defendant Hull had actual notice as early as December, 1901, that her contractor, Culver, had employed defendant Davis to do the painting on the building in question. At the time of the estimate on April 5, 1902, she knew that the portion of the work provided by her contract to be done before such estimate could be made had been done. Moreover, under her contract she had the right to protect herself against claims which might be made the basis of liens by withholding sufficient of the contract price for her complete indemnification. Notwithstanding this, and without notice to plaintiff, or taking heed of his rights in the premises, she made payment of the $1,200 estimate, $160 thereof going to Culver direct. That she had no right to make such payment under the circumstances is clear. *Chicago L. Co. v. Woodside,* 71 Iowa, 359; *Hug v. Hintrager,* 80 Iowa, 359; *Merritt v. Hopkins,* 96 Iowa, 652; *Iowa Stone Co. v. Crissman,* 112 Iowa, 122; *Simonson v. Bank, supra.* The trial court was therefore in error in refusing to establish the lien of defendant Davis and award foreclosure thereof.

It follows that the decree must be and it is reversed on both appeals, and the cause is remanded to the trial court for further proceedings in harmony with this opinion.— RE-VERSED.