LEE CANFIELD LUMBER COMPANY, Appellee, v. A. B. HEINBAUGH et al., Appellants.

MECHANICS' LIEN: Right to Lien—Unverified Statement. An unverified, unitemized statement will not preserve a lien for a subcontractor beyond the expiration of the 30 days from the date of the last item of material, etc.

MECHANICS' LIEN: Right to Lien—Belated Filing of Claim. A statement filed after the expiration of 30 days from the completion of the building and from the date of settlement by the owner with the contractor, without any notice of such filing to the owner, effects nothing.

MECHANICS' LIEN: Right to Lien—Fraudulent Delivery of Material. Delivery of materials for the sole purpose of extending the time in which statement for a lien may be filed, effects nothing.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

SEPTEMBER 17, 1918.

Action to foreclose a subcontractor's lien. Decree below establishing the lien. The owner appeals.—*Reversed.*

*Tourtellot, Donnelly & Swab,* for appellants.

*Redmond & Stewart,* for appellee.

Gaynor, J.—The defendant Nehls contracted with the defendant Heinbaugh to erect for him a building on a certain lot owned by Nehls, the building to be completed on the 10th of August. Heinbaugh constructed the building under the contract. Before the construction was begun, Heinbaugh went to the plaintiff, and an estimate was made of what would be needed to construct the building. Thereafter, on the estimate so made, lumber was delivered by the plaintiff to Heinbaugh, to be used in the construction of the building. This lumber, so delivered, was never paid for by Heinbaugh. The first delivery made by the plaintiff was on the 8th day of May, 1916; and, as the building progressed, deliveries were made during that month, with but short intervals between deliveries. The last delivery in May was on the 22d. Thereafter, deliveries were made during the month of June. These seemed to be small items. The last delivery in June was on June 17th. On July 26th, some more of the material included in the estimate was delivered and used in the building. In August, there were two deliveries: one on the 1st, and one on the 5th. This was the last delivery made by the plaintiff until the 17th day of October, when two 2x4 8's were sent by the plaintiff to the defendant's building, for which a charge of 30 cents is made. This item is in dispute. We shall refer to this later.

On the 20th day of October, 1916, plaintiff filed a claim for a mechanics' lien. This claim, so far as this record shows, was not verified, nor was any itemized statement at-

tached to it, as required by statute. Due notice was served upon the defendant of the filing of this claim. On the 14th day of November, 1916, the defendant served the following notice upon the plaintiff:

1. MECHANICS' LIEN: right to lien: unverified statement.

"WHEREAS, on the 20th day of October, 1916, you filed a purported mechanics' lien against Lot 4, Block 21, Bever Park Addition to Cedar Rapids, Iowa, belonging to me. You are therefore hereby notified and demand is hereby made upon you that you commence action to foreclose your claim for mechanics' lien in accordance with the statute in such cases made and provided.

"Signed this 14th day of November, 1916."

No action was commenced to foreclose the lien claimed under this filing, or in pursuance of the notice aforesaid.

On the 16th day of November, 1916, the plaintiff filed another proper statement for a mechanics' lien duly verified and duly itemized; but no notice was ever served on the defendant, as required by statute, of the filing of this claim.

On the 22d day of December, 1916, plaintiff commenced this action to establish and foreclose this lien. Neither of these claims was filed in time to preserve the lien, if the last item furnished by the plaintiff was on the 5th day of August, for the reason that more than 30 days intervened between the date of the last item and the filing. See *Cedar Rapids S. & D. Co. v. Heinbaugh*, 183 Iowa 1236, and cases therein cited. That case involved the same building and the same contract between Heinbaugh and Nehls. Many questions of law necessary to the decision of this case are considered there.

The filing on October 20, 1916, was not effectual, under the statute, to create any lien in favor of the plaintiff, or to preserve any lien then existing, even if it had been filed

within time, for the reason that it was not verified. The statute provides (Section 3092 of the Code, 1897):

"Every person, whether contractor or subcontractor, who wishes to avail himself of the provisions of this chapter, shall file with the clerk of the district court of the county in which the building * * * to be charged with the lien is situated, a verified statement * * * of the demand due him, * * * setting forth the time when such material was furnished * * * and when completed, and containing a correct description of the property to be charged with the lien."

Code Section 3089 provides:

"Every person who shall do any labor upon, or furnish any materials * * * for any building * * * upon complying with the provisions of this chapter, shall have for his labor done, or material * * * furnished, a lien."

The lien is dependent upon a compliance with these statutes. It is a statutory lien, that comes to the plaintiff only upon compliance. The statute gives the lien for the statutory period. After that, if it is to be preserved, a claim must be filed as the statute requires, duly verified and duly itemized, and notice must be served upon the owner of the filing of the claim. At the expiration of 30 days, the statutory lien expires. The lien that comes to the plaintiff, if it is to be preserved after that time, can only be preserved by a compliance with that statute. That it is necessary that there be a verification in order to make the lien effectual, see *Lamb & Son v. Hanneman,* 40 Iowa 41; *Hug v. Hintrager,* 80 Iowa 359; *Wetmore v. Marsh,* 81 Iowa 677; *McGillivary Bros. v. Case,* 107 Iowa 17. It is apparent, therefore, under these authorities, that the filing of the first claim did not preserve for the plaintiff a lien after the expiration of 30 days.

2. MECHANICS' LIEN: right to lien: belated filing of claim. The second claim for a lien was not filed until the 16th of November. As to this, the plaintiff failed to comply with the stat-

ute, for the reason that he served no notice of the filing of
it, as required by the statute. ·The· notice required by the
statute is notice that a claim for a lien has been filed, and
this is essential to complete the right to a lien under the
statute. The filing of the first claim for the lien was in-
effectual. The giving of the notice gave it no life. How-
ever, plaintiff is not relying upon his October filing in this
suit for his lien. He is relying upon the filing in November.
Of the filing of this claim, as said before, no notice was
given. The fact that the defendant knew that the plain-
tiff was claiming a lien, the fact that the plaintiff knew
that the material had not been paid for, does not supply
the requirements of the statute. On the 15th day of Au-
gust, the building was completed. On the 18th of Sep-
tember, the defendant Nehls settled with the principal con-
tractor, Heinbaugh, and paid him in full. At the time
of the filing of these claims, there was nothing in the
hands of the owner subject to a lien. So, assuming that
the last item was furnished on the 5th of August, under
no theory would the plaintiff be entitled to a lien.

It is claimed, however, that, on the 17th of October,
after the building was completed, after the plaintiff had
made out a statement of its claim against Heinbaugh and

delivered it to Heinbaugh, and after it
had taken from Heinbaugh an order on the
3. MECHANICS'
LIEN : right to    defendant for the amount shown by its bill
lien : fraud-
ulent delivery     against Heinbaugh, it delivered two 2x4
of material.
8's, under its contract with Heinbaugh, to
be used in the building. It is conceded that this was not
in the estimate originally made. It is claimed that, on
the 17th of October, Heinbaugh ordered the plaintiff to
send this material, with some shiplap which is not included
in plaintiff's itemized claim filed, to the premises and de-
liver it there; and it is claimed that this delivery has
the effect of extending the account to October 17th, that the

last item delivered, therefore, was on October 17th, and that the 30 days would start to run from that time. It would be profitless to set out the evidence upon this point. It is plain in this record that this delivery of 30 cents' worth of material at the premises was not by the order of Heinbaugh to be used in the building, but for the sole purpose of extending the time in which to file the lien. We have, therefore, no hesitancy in saying that it was not a good-faith delivery under the contract. Under no theory of fact or law is the plaintiff entitled to the relief prayed for.

The decree appealed from as to the defendant Nehls is, therefore, reversed, with directions to the court below to enter a judgment and decree dismissing plaintiff's petition, in so far as he seeks to establish a mechanics' lien against the property in question; or the defendant may have that relief in this court, at his election.—*Reversed.*

Preston, C. J., Weaver and Stevens, JJ., concur.