## RAND & CO. v. PARKER ET AL.

1. **Mechanic's Lien:** ON PROPERTY OF WIFE: HUSBAND AS CON-TRACTOR: EVIDENCE.   An action to enforce a mechanic's lien for lum-ber used in repairing a house belonging to a married woman was sought to be defeated on the theory that the husband was the contractor to do the work and furnish the material for the wife, and that the materials were furnished by him as such, and that plaintiffs were subcontractors, and had failed to give the notice required by the statute to be given by subcontractors seeking to establish a mechanic's lien.   But *held* that the evidence (for which see opinion) showed this theory to be an after-thought, and without foundation in fact; and that plaintiffs were en-titled to the establishment of a lien as claimed by them.

*Appeal from Taylor Circuit Court.*

TUESDAY, DECEMBER 13.

ACTION to establish a mechanic's lien. Judgment for the defendants, and plaintiffs appeal.

*Crum & Haddock*, for appellants.

*L. T. McCoun*, for appellees.

SEEVERS, J.—The defendants are husband and wife, and the lien is sought to be established on real estate belonging to Mrs. Parker for lumber furnished by the appellant, which was used in the construction or repair of a building on such real estate, and in making other improvements thereon. The lumber was purchased by Stephen Parker and charged to him by the plaintiff, and he gave his note for the amount found due; and the theory of the defendant is that Mrs. Parker contracted with her husband to make the improvements for a named sum of money, which she paid him, and that her husband was the contractor, and the plaintiff a subcontractor; and, as the requisite notice required in such case has not been given, therefore the appellant is not entitled to the relief demanded. We have carefully read and considered the evidence, and think the claim of the defendants has not been established. It is true, the defendants both so testify in general terms; but, when the whole of their evidence is considered, we think such claim is an afterthought, now, perhaps, honestly entertained. The story told by Mrs. Parker is improbable, and she is directly contradicted in material matters by George Campbell, a carpenter, who, in fact, did much of the work. He testifies that he constructed an addition to a house for "Mr. and Mrs. Stephen Parker. At the time of making the contract I gave Uncle Stephen our bid, and he said he would see about it.   *   *   *   He said, 'We intend for you and Webster to do the work.' I went to the house that evening, and talked about the contract.

* * * They told me to go ahead. * * * Mrs
Parker said put in the window, and they would pay us for it.
and collect it of Mr. Whipple. The directions for doing the
work were largely given by both Mr. and Mrs. Parker before
we commenced, but she gave directions with regard to doors,
* * * and in regard to how the folding doors
should be fixed. * * * I think Mrs. Parker knew who
was furnishing the lumber and material from the conversa-
tion we had there. * * * Mrs. Parker never made
any objections to the improvements being made, and was per-
fectly satisfied with the work, and would give advice when-
ever I asked her how it should be done." This evidence
clearly shows that, as far as Campbell was concerned, Mrs.
Parker was a contractor. It may be that both she and her
husband were; but, if so, both were principals, and, which-
ever theory is adopted, Campbell clearly would have been
entitled to a mechanic's lien on the real estate in question.
We believe the truth to be that no contract was let by Mrs.
Parker to her husband or any one to construct the house,
but that Mr. Parker undertook to superintend the improve-
ment, as any husband would for his wife, and that she was to
pay therefor, and this clearly appears, we think, from the evi-
dence of Campbell, whose evidence is entitled to full faith
and credit, while that of the defendants is not.

The plaintiff is entitled to the establishment of a mechanic's
lien, and such a decree will be entered here or in the court
below, as the plaintiff may elect, and the judgment of the
circuit court is                                    REVERSED.