THE PORT HURON & NORTHWESTERN RAILWAY COM-
PANY v. BENNETT RICHARDS.

90 577
116 678

*Railroad companies—Aid note—Construction of condition for erection of station.*

1. A railroad aid note was conditioned for the erection, within 15 months, of a regular station for passengers and freight at a designated point. The railroad company put up a small building, and left it open, but kept no one in charge to look after baggage or freight, and there were none of the usual and in fact no facilities for the shipment of lumber or logs or cattle, and none for the care of other freight received or left for shipment. And it is held that, as a matter of law, a regular station for freight and passengers had not been established.

2. It is not necessary to distinguish, in such a case, between a station and a regular station, as a station for passengers and freight would include the usual and necessary incidents of a station for the convenience of passengers, and that freight was intended to be shipped to and from.

Error to St. Clair. (Canfield, J.) Argued February 19, 1892. Decided March 11, 1892.

90 MICH.—37.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Atkinson, Vance & Wolcott,* for appellant, contended:

1. Railroad aid notes have been liberally construed in *Railroad Co. v. Bacon,* 33 Mich. 468; *Tower v. Railroad Co.,* 34 Id. 328, 335; *Railroad Co. v. Starnes,* 38 Id. 698; *Railroad Co. v. King,* 68 Id. 111.

2. A regular station is held to be a place where passengers can take the cars, and where they can be left, and where shelter is provided for them while waiting for the train, and a platform built where freight can be received and delivered. It need not have a station-master, nor be made a regular stopping place; citing *State v. Railroad Co.,* 37 Conn. 163; and as bearing upon the proper construction of the note in suit, see *Railroad Co. v. People,* 132 Ill. 559; and as bearing upon the point that the court should not enlarge upon the wording of the contract, which says " erect a regular station," see *Nottawasaga v. Railroad Co.,* 38 Amer. & Eng. R. R. Cas. 697, where it is held that the word "established," a much broader one than " erect," does not mean to maintain forever.

*William T. Mitchell* and *A. R. Avery,* for defendant.

McGRATH, J. This is *assumpsit* upon the following promise:

"PORT AUSTIN, MICH., April 24, 1882.

"For value received, I promise to pay to the Port Huron & Northwestern Railway Company or order five hundred dollars, when said company shall have completed the construction of said railway from some point on the Sand Beach Division, in Sanilac county, to the village of Port Austin, via Bad Axe, and have erected a regular station for passengers and freight upon the north side of section six, in the township of Lincoln, in Huron county; said road to be completed and running trains to Port Austin within 15 months from the date hereof; otherwise, this note to be null and void.

"BENNETT RICHARDS."

The court directed a verdict for defendant, instructing the jury as follows:

"It appears that the point named in the instrument sued upon was given the name of 'Dwight,' and published and entered upon the time-cards of the railroad company as a station, and that tickets were sold to the point named; and it also appears that a building, stated by the witnesses to be 12 feet by 20, was erected at this point. The building was left without being in charge of any person, and, as described by the witnesses, was an unoccupied building. No station agent was at the point prior to the beginning of this suit, and no person from whom tickets could be purchased for passage on plaintiff's trains; no person to execute bills of lading for any freight that parties might desire to send from that point over plaintiff's road, or to receive charges for freight arriving there. The building itself had not any furniture, no office fixtures, and none of the conveniences or equipments usually found at stations for passengers and freight, or for the transaction of business. The trains of the plaintiff up to that time did not regularly stop at this point, and only did so to let off such passengers as were on the train, or when so signaled to do by passengers desirous of getting on or sending freight. It was what was commonly known as a 'flag station;' and I direct you that, under those circumstances, it was not a regular station, within the meaning of the instrument upon which the plaintiff seeks to recover."

The learned circuit judge was right in directing a verdict for defendant. The agreement contemplated that facilities should be furnished, not only for the accomodation of passengers, but for the reception and shipment of freight. This involved more than a mere place of shelter. "And have erected a regular station" means more than the erection of a station-house. The word "erect" may mean "to build," or it may mean "to set up" or "found" or "establish" or "institute," according to the context. In the connection here used, it means "to set up," "to establish." It was conceded upon the trial that, during the 15 months named in the agreement, there was no spur or side track at the point named, and no person in charge to look after baggage

or freight; that the building erected was open; that freight trains were irregular; that there were none of the usual and in fact no facilities for the shipment of lumber or logs or cattle, and none for the care of other freight received or left for shipment. Under these facts, there was no error in the court's direction that as a matter of law a regular station for freight and passengers had not been established. It is not necessary to distinguish between a station and a regular station, as a station for passengers and freight would include the usual and necessary incidents of a station for the convenience of passengers, and that freight was intended to be shipped to and from.

It is no answer to say that the construction put upon the agreement exhausts the aid; for stations are a necessary part of the equipment of the road, and defendant, under this agreement, exercised the privilege of location merely. In other words, it does not follow that this station was an extra. The language of the agreement, however, is clear and unambiguous. The clause, "said road to be completed and running trains within 15 months," must be held to include the erection of the station as well; otherwise, no time is fixed for the performance in this respect.

The judgment is affirmed, with costs to defendant.

The other Justices concurred.