J. H. QUEAL & Co., Appellees, v. FRANK STRADLEY et al, Appellees, and NANCY E. DANNER AND W. W. DANNER, Appellants.

Action to Foreclose Mechanics' Lien: STATEMENT FOR: Sufficiency.
1   The fact that the statement of account upon which a mechanic's lien is based shows the agreed price at which a number of items taken together were to be furnished instead of giving the price of each item separately, will not defeat the lien where no overcharge for any item is shown.

EVIDENCE: Liens Sustained. Under the evidence in the case,
2   certain material men are held entitled to liens for materials furnished.

Payments: CONTRACTOR'S BOND: Release of sureties. Payments to a contractor for labor and material not in conformity with
3   the conditions of the contractor's bond will release his sureties from liability on the bond.

Appeal from Polk District Court.—HON. C. A. BISHOP, Judge.

TUESDAY, MAY 20, 1902.

ACTION by the plaintiffs and the cross petitioners Carr, Adams & Co. and Garver & Co. to foreclose mechanics' liens against the property of the defendants Danner. The defendants Danner in a cross bill sue the defendant Stradley and his sureties, Campbell and Locke, on a bond given for the faithful performance of his building contract with the Danners. There was a judgment for the plaintiffs, and for the cross petitioners Carr, Adams & Co. and J. A. Garver & Co., and for the sureties Locke and Campbell, from which the defendants Danner appeal.—Affirmed.

John I. Dille and E. D. Samson for appellants.

N. T. Guernsey for appellees Carr, Adams & Co. Read & Read for appellees J. H. Queal & Co. C. C. & C. L. Nourse for appellees J. A. Garver & Co. J. K. Macomber and B. O. Tankersley for appellees J. B. Locke and J. W. Campbell.

SHERWIN, J.—The only objections made to the claim of the plaintiffs Queal & Co. are that the statement filed for a mechanic's lien does not specify in all instances the quality of the material furnished or give the price of each item thereof. In disposing of this question it is well to have in mind the requirements of the statute under which the statement was filed. It provides that a verified statement of the demand due him, after allowing all credits, setting forth the time when such material was furnished or labor performed and when completed, and containing a correct description of the property to be charged with the lien, shall be filed, etc. The statement under consideration gives the items of materials furnished in detail, but does not in all instances give the price of the separate items, and where this is not done several items are grouped, and the price for the whole is given as the estimated price thereof. The evidence shows that this estimated price was the price agreed upon by the plaintiffs and the contractor Stradley, or by his partner Carlson, and that in most instances it was lower than yard prices, and for a part of the bill, at least, lower than it had been offered for by other dealers, and there is no evidence in the record tending to show that the plaintiffs were knowingly attempting to subject the property of the defendants to an improper burden, as was the case in *Stubbs v. Railway Co.*, 65 Iowa, 513. The price charged for every item in the statement is supported by the weight of the evidence, and, such being the case, it surely cannot justly be said that the statement is fraudulent or insufficient in law. *Lumber Co. v. Miller*, 98 Iowa, 468; *Lumber Co. v. Davis*, 105 Iowa, 27. Futhermore, a considerable part of the material included in the statement was furnished to, and the prices agreed upon by, one Carlson, who was then acting under written authority from the defendant Danner. If the statement is just and true, the fact that the whole or a part of the bill contracted for is furnished at an agreed

price for a lot of items, and it so shows, instead of giving the price of each one separately, should not defeat the lien. *Grace v. Nesbitt*, 109 Mo. 9, (18 S. W. Rep. 1118).

II. The defendant Danner testified that he knew as early as August 14th or 15th that the Carr-Adams Company was furnishing material for his building, and as early as September 7th that Garver & Co. were furnishing material therefor. At both of these dates he held more than sufficient of the contract price to pay both of the claims. Before this time he had been making payments to Stradley, the contractor, and to Carlson, Stradley's partner, without regard to the terms of his contract with Stradley, and without withholding the amount specified in the contract. In addition to this, the contract provides that the owner may protect himself against liens, and against claims chargeable to the contractor. Under this contract and the facts in this case, the Carr-Adams Company and J. A. Garver & Co. are entitled to liens for the material they furnished for the defendants' building. *Winter v. Hudson*, 54 Iowa, 336; *Simonson Bros. Mfg. Co. v. Citizens' State Bank*, 105 Iowa, 264; *Lumber Co. v. Adams*, 107 Iowa, 672.

III. The bond executed by Stradley as principal, and by J. B. Locke and J. W. Campbell as sureties, is conditioned that Stradley shall build a house for Danner in strict accordance with the plans, specifications, and contract, free from liens of any kind. The contract price for the completed building was $3,700, payable in installments, as follows: "Eighty-five per cent. of labor and material as put into the building, the first party to furnish receipted bills or waivers for material and labor as work proceeds." The contract further provides that "all payments shall be made upon the written certificate of the architects to the effect that such payments have become due." And, further, that "if at any time there shall be evidence of any lien or claim for which, if established, the owner of the said premises might be-

come liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due, or thereafter to become due, an amount sufficient to completely indemnify them against such lien or claim." The sureties on the bond contend that they are released from all liability thereon because of changes made by Danner in the performance of the contract, whereby he paid the contractor large sums of money in advance of a showing that such amounts were due, and without the approval of the architect or the production of receipted bills or waivers, as provided by the contract. The evidence does not show that payments were made in advance of the work and material furnished, but it does show that certificates were issued by the architect and payments made to the contractor Stradley without requiring the receipts or waivers provided for in the contract. It is a familiar rule that sureties may rely upon a strict performance of the contract between their principal and the creditor, and if the performance of the contract is materially varied without the assent of the sureties they are released. Brandt, Suretyship, section 397; *Stillman v. Wickham*, 106 Iowa, 597; *Cowdery v. Hahn* (Wis.), 81 N. W. Rep. 882 (76 Am. St. Rep. 923); *Simonson v. Thori* (Minn.) 31 N. W. Rep. 861.

The requirement of the contract that the money due thereon be paid only upon receipted bills or waivers for labor and material was a very material one for the protection of the sureties, and a departure from that provision created a condition to which the sureties had not assented in the bond or elsewhere. The money thus paid to the contractor, although not in excess of the eighty-five per cent. provided for in the contract, may have been used for purposes not connected with the construction of the building in question. Many of the payments were also made without certificates from the architects, which was a violation of the terms of the bond.

We think the judgment as to the various interests involved is right, and it is AFFIRMED.