WHEELER LUMBER, BRIDGE & SUPPLY COMPANY, Appellee, v. GEORGE F. WHITE and CAROLINE WHITE, Appellants.

BURNETT BROTHERS, JOHN G. BURNETT, CHARLES R. BURNETT and CARR & ADAMS COMPANY, Appellees.

Mechanics liens: CONTRACT BY AGENT: RIGHTS OF PARTIES. Where a
1 contract was made by the husband for the construction of a building upon land belonging to the wife, but she approved of the same and knew of the progress of the work and of the claims of the materialmen, so far as her rights and those of the materialmen were concerned the contract was of the same force as though made by her.

Same: TIME FOR FILING NOTICE: EVIDENCE. In this action to estab
2 lish a mechanics lien the evidence is held to show that the last item of the account was actually delivered on the date of the charge, and that the time for filing notice of the lien began to run from that date.

Same: RIGHTS OF SUBCONTRACTORS. Ordinarily subcontractors can
3 only claim a lien upon the funds in the hands of the owner of the

building and the principal contractor, but where the owner paid materialmen whose liens had not been filed, with knowledge of the claims of subcontractors, he was liable for such claims thereafter filed in time.

Same: PERFORMANCE OF CONTRACT: EVIDENCE. In this action to establish subcontractors liens the evidence is held to show a substantial compliance by the original contractor with his contract.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

TUESDAY, MARCH 17, 1914.

PROCEEDING to establish liens of subcontractors for material furnished in the construction of a dwelling. From a decree in favor of plaintiff and cross-petitioner, the defendants George F. White and Caroline J. White appeal.—*Affirmed.*

*Ryan & Ryan,* for appellants.

*Graeser & Meyer,* for appellees, except Burnetts.

WITHROW, J.—I. The plaintiff, Wheeler Lumber, Bridge & Supply Company, commenced this action to establish and foreclose a mechanic's lien, making the owners of the property, the contractors, and Carr & Adams Company, a junior lienholder, defendants. The contractors made default, the owners denied liability, and the junior lienholder filed a cross-petition, asking that its lien be established and foreclosed junior to the lien of the plaintiff. Upon hearing, the trial court entered judgment against the contractors for the amount of the claims of plaintiff and cross-petitioner, and established the claims as liens in the order prayed, from which the owners appeal.

II. On September 26, 1911, Geo. F. White entered into a written contract with Burnett Bros. under which the latter

were to furnish the material and construct a dwelling "on land owned by party of the first part," according to plans and specifications, for a total consideration of $3,510, which was to be paid in certain amounts at different times as the work progressed, aggregating $2,225, and the balance, or $1,285, was payable when the dwelling was completed.

1. MECHANIC'S LIENS: contract by agent: rights of parties.

The land, in fact, belonged to Caroline J. White, the wife of George F. White, but it is shown by the testimony of both husband and wife that the contract was made with her approval; that she had knowledge of it; and that at all times during the progress of the work she knew of it and of the claims of various materialmen. She claims, however, that she expressly stated that she would expend only $3,510 in the construction of the dwelling, and that, as the establishment of the liens sought to be enforced in the present action would exceed the total amount payable under the contract, she nor her property cannot be held liable for such excess. In her testimony she stated that she recognized her liability for certain extras which had gone into the building, and which would increase the total cost. Other conditions permitting, the right to a lien upon her land for material used in the building, under this showing of facts cannot be questioned. *Rand v. Parker,* 73 Iowa, 396. The record shows that during the progress of the work White paid to the contractors various amounts aggregating $2,125, the last of which was on March 16, 1912. The claims for liens which are made by the plaintiff and by the cross-petitioners are for material which either admittedly went into the building, or is proven by such facts as satisfy us that the defendants received the benefit of all for which claim is made.

The last item in the claim of the Wheeler company is dated May 13th, and is for roofing material, the amount charged being $2. The next preceding item in the bill is dated March 11th. The claim for mechanic's lien, as a subcontractor, was filed by plaintiff June 12, 1912, or within thirty days after May 13th. Upon

2. SAME: time for filing notice: evidence.

the claim that the filing was too late, evidence was introduced on the part of the defendants tending to show that the item of May 13th was not furnished, and that therefore the rights of the plaintiff must depend upon its account with the last item being March 11th. The evidence shows that a charge ticket for that item was made by plaintiff in the usual way of business, although there was a dispute as to the actual delivery, but their records do so state, and it is upon this that the appellant relies; but it does appear that material of the kind for which the charge is made was used as roofing for the porch some time in May, this being testified to by appellant, and also by men who were then engaged in the work, and from it we hold that the charge was a proper one.

III. Reaching the conclusion that the claims for liens were filed in time, and also that the rights and liability of Mrs. White must in all respects be determined as though she had personally made the contract with the Burnett Bros., and as though she had performed the acts done by her husband in settling with materialmen, as such will be hereafter considered, we turn to the facts bearing upon the claims of the Wheeler Company and the Carr & Adams Company, which were, by the decree of the trial court, established in the amounts claimed as liens against the property, there being no real dispute as to the items, excepting as we have stated, but upon their right to liens.

IV. It is urged by the appellants that the contract provided that the payment of the balance above the $2,225, which was to be paid at various times, was not due until the building was completed; that there was a failure on the part of the contractor to do the work according to the plans and specifications; that it was defective or inferior in many respects, and unfinished; and that therefore the final payment was not due; and that the claims of subcontractors can only be asserted against a payment or obligation at the time actually due. There can be no question of the rule in its general application that the sub-

3. SAME: rights of subcontractors.

contractor can only assert his claim against such rights as are held by the principal contractor (Code, Section 3093), and that the owner cannot be compelled to pay a greater amount than is provided in his contract. But, as recognized in cases which we will later consider, there may arise instances when, from some act of the owner in which he fails to protect himself against outstanding material claims of which he has knowledge, that the rule of liability upon which the appellants rely does not control.

The last item in the account of Carr & Adams Company was January 30, 1912, and their claim for lien was filed June 13th following. To bring themselves within the protection of Code, Section 3094, as to claims of subcontractors filed after thirty days, a notice as provided by that section was served upon Mrs. White. While appellants admit the presence at their home of the officer whose return shows the service, and its manner, they deny that service was had upon them. The return of the officer, which is presumptively correct, is supported by his testimony as to what was done; and from the record we are satisfied with the conclusion upon this branch of the case that there was proper service of the notice. The claim for a lien of the Wheeler Company, filed June 12th, was in time under Code, Section 3093, and that of the Carr & Adams Company filed June 13th, and followed immediately by the notice to the parties, gave to each the general rights of subcontractors. We must then determine whether, under the facts shown in this record, as subcontractors, there was a fund due and payable under the original contract which is subject to their liens.

V. It is conceded that the appellants paid, on the order of the contractor, to the Des Moines Clay Company $100 on July 6th and $200 on July 7th; to Edwin Cutler, plumber, $275 on April 13th; Clifford & Company, April 29th, $169.80; Garver Hardware Company, July 18th, $75; and the Citizens' Electric Company, July 27th, $30—all of such payments being on account of material used in the construction of the

building, but for which no liens had been filed. It is admitted by the appellants that the material furnished by the Carr & Adams Company was delivered upon the property before January 30, 1912, and that they knew that to be true before the claim for a lien was filed by that company, and the proof shows that White knew in late December or early January, 1912, that their bills had not been paid. Appellant White also testified that he knew on April 15th, when he was paying other material bills, that the Wheeler and the Carr & Adams claims had not been paid. It also appears from the evidence that, after the last payment was made to the contractor, including claims for extras, there was payable about $1,500 on the contract.

The claim of the Wheeler Company is $578.83, and interest, and that of the Carr & Adams Company $157.45, and interest, which amounts, added to the payments made to other materialmen, exceeds the balance payable under the contract. From these facts we must determine the effect which follows the payment of certain material claims to the exclusion of others of which the parties at the time had knowledge. Appellants knew or were presumed to know of the right of subcontractors to file and establish their liens, and which would be good as against any material claims not so established. Charged with such knowledge they made payments from the balance which would be due the contractor upon the completion of the work, to the exclusion of other creditors of whose claims they knew. With such knowledge it became the duty of the appellants in justice to all material claimants whose rights to liens might yet be asserted, to make no payments until liens were filed, and then to have them discharged in accordance with the provisions of the statute, which is aimed to protect the owner and also the diligent claimant. *Othmer Bros. v. Clifton,* 69 Iowa, 656; *Queal v. Stradley,* 117 Iowa, 748; *Simonson v. Bank,* 105 Iowa, 264; *Green Bay Lumber Co. v. Adams,* 107 Iowa, 672. Under the rule of these authorities,

the payments paid to other materialmen are no protection to the appellants; and the fund from which the payments were made must be treated as being first subject to the claims of the plaintiff and cross-petitioner, appellees, unless it shall be found that, according to the terms of the contract and the acts of the parties under it, no amount was shown to be due to the contractor.

VI.   We have referred to the condition in the contract that the final payment should not become due until the building was fully completed; and have also mentioned the claim of appellants that there was a failure in several respects to complete it according to the plans and specifications.   It should be said that the plans were roughly drawn by White, with a pencil, as he testifies, according to scale.   These were not specifications, but merely the pencil sketches.   One complaint is that the building is in its size less than was provided for, but it appears that appellant White assisted in marking off the ground which was to serve as its base, that he was present at all times during the progress of the work, and made no objections.   It also appears that the owners, after moving into the home, which was before all of the work had been finished, expressed themselves as satisfied.   Many items of alleged defects are mentioned, but we do not find them to be of substantial character, while, as to others, we think the evidence most satisfactorily shows that the claim of fault is without sound basis.   But beyond this, in making payments to the materialmen who did not file their claims for a lien, the appellants did not rely upon the provision of the contract, and payments also had been made direct to the contractor without regard to its terms.   Under such conditions, under the rule stated in *Simonson v. Bank, Green Bay Lumber Company v. Adams,* and *Queal v. Stradley, supra,* the appellants must be held to have waived that right, if it then rested in them, and by their acts to have set apart the fund so applied

4. SAME: performance of contract: evidence.

by them to the payment of material claims; and, as the rights of the appellees were first asserted in the proper way, their claim for priority must be upheld.

The decree of the trial court establishing the claim of the Wheeler Company as a first lien upon the property, and that of the Carr & Adams Company as a second lien is correct, and it is—*Affirmed*.

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.