JACOB BERNSTEIN, Appellee, v. GEORGE R. ALCORN et al., Appellants.

**MECHANICS' LIENS:** Contract to "Install"—Construction. A mechanics' lien statement or account which makes claim for the "installation" of a furnace in a building embraces the *materials* furnished.

**MECHANICS' LIENS:** Proceedings to Procure—Statement of Account—Requirement. The "verified statement or account" which is necessary as a basis for a mechanics' lien need not set forth the *particular* items, when the contract is for the furnishing of a job or article complete.

*Appeal from Audubon District Court.*—EARL PETERS, Judge.

DECEMBER 15, 1922.

ACTION to foreclose mechanics' liens. A decree was entered, as prayed, and defendants appeal.—*Affirmed.*

*Mantz & White,* for appellants.

*Kimball, Peterson & Smith,* for appellee.

FAVILLE, J.—Two actions are involved in this suit, by which the foreclosure of mechanics' liens upon different properties is sought. The same questions of law are involved in both cases, and they will, therefore, be considered together, as one action.

1. MECHANICS' LIENS: contract to "install:" construction.

Appellee is a subcontractor, who, on or about the 20th day of July, 1919, entered into an oral contract with the appellant Alcorn, who was the principal contractor, to furnish certain furnaces and place the same in three dwellings which were then being built by Alcorn upon the property of the appellant Horning. After said oral contract was entered into, the appellee began work in July of 1919, and completed the same on or about the 24th of December, 1919. On January 10, 1920, appellee filed the mechanics' lien in suit. The affidavit which is the basis of said lien alleges that appellee, upon the dates mentioned, furnished labor and material for the dwelling house described in the statement, "in accordance with the account attached hereto," at the specified and agreed price as set forth for such labor and material. The account so referred to and attached to the statement is as follows:

"July 27th, 1919, to Dec. 24, 1919. Install one furnace in the J. Horning house in Audubon, Audubon County, Iowa, located on the following described property: West 52 feet of Lot 1, of Lot 23, Block 42, except the south 4 feet thereof, $235.00. July 27th, 1919, to Dec. 24, 1919. To do the work on one house on the property above described, $75.00 (total) $310.00."

Appellants make the point that this statement of account is insufficient in two particulars. It is contended that the clause "install one furnace in the J. Horning house in Audubon, Audu-

bon County, Iowa [describing the property]," is insufficient to be the basis for a claim for the material furnished in equipping the house in question with a furnace. Appellants contend that the words "install one furnace" refer only to the *work* necessarily expended in putting in the furnace, and are not broad enough to include the furnace itself. The contention is that the word "install" has a well understood meaning, and that it refers only to the work of putting the furnace in place and making the necessary attachments and connections.

In this connection, it is appellants' contention also that, the charge of $235 being only for work done (as appellant claims), the amount so charged is so excessive as to constitute fraud and to render the lien invalid. If, however, the word "install," as used in this statement, is not limited merely to work done, then this last contention is, of course, unavailing.

Code Section 3092 provides as follows:

"Every person, whether contractor or subcontractor, who wishes to avail himself of the provisions of this chapter, shall file with the clerk of the district court of the county in which the building, erection or other improvement to be charged with the lien is situated a verified statement or account of the demand due him, after allowing all credits, setting forth the time when such material was furnished or labor performed, and when completed, and containing a correct description of the property to be charged with the lien."

2. MECHANICS' LIENS: proceedings to procure: statement of account: requirement.

A mechanics' lien is a creature of the statute; and in order that a lien may be created, there must be a substantial compliance with the terms and provisions of the statute. *Canfield Lbr. Co. v. Heinbaugh,* 184 Iowa 149. The statute requires that the person seeking to charge the property with a lien shall file with the clerk of the district court "a verified statement or account of the demand due him, after allowing all credits." Did the appellee in this case file "a verified statement or account of the demand due him," within the meaning of this statute? Our present statute does not require that the particular items shall be set out, where the contract is for the entire job, as in this case. In *Queal & Co. v. Stradley,* 117 Iowa 748, we said:

"If the statement is just and true, the fact that the whole

or a part of the bill contracted for is furnished at an agreed price for a lot of items, and it so shows, instead of giving the price of each separately, should not defeat the lien.''

Here the lien is for the single item of the furnace, with its fittings and attachments, and this was furnished at an agreed price for the entire equipment and a separate item for the work done.

The whole controversy turns upon the proper construction of the word ''install.''

In *Metzler v. Thye,* 163 Cal. 95 (124 Pac. 721), the court had under consideration a lease by which the lessee was required to install a sidewalk elevator from the basement to the sidewalk in front of the leased premises. The controversy turned upon the construction of the word ''install.'' The court said:

''The words 'install' and 'installation,' when applied to machinery, have a technical meaning, and should be interpreted accordingly. Webster's New Standard Dictionary gives these definitions: 'Install—to set up or fix in position for use or service; as to install a heating or lighting system.' 'Installation—the whole of a system of machines, apparatus and accessories set up and arranged for working, as in electric lighting, transmission of power, etc.' Other lexicons define these words quite similarly. When, therefore, defendant agreed to install an elevator 'from the basement to the sidewalk in front of said premises,' he meant that he would provide a suitable lift, with the usual accessories connecting the basement of the building which he occupied as tenant, with the sidewalk in front of it. We see no room for an interpretation imposing upon appellant the duty of preparation of the premises.''

A similar construction was given the word ''erect'' in *Port Huron & N. W. R. Co. v. Richards,* 90 Mich. 577 (51 N. W. 680).

We think that the word ''install,'' as used in the statement, was a sufficient compliance with the statute, under the circumstances, to create the lien for the material furnished. No one could well have been deceived by this statement as a whole.

The next succeeding and separate item was ''to do the work on one house on the property above described.'' The date of this item is identical with the date of the preceding item re-

garding the furnace. No one reading this could be misled as to the fact that the second claim in the lien referred to work done in connection with the furnace.

While the statement undoubtedly could have been amplified and expressed in more concise language, we think it substantially complied with the requirements of the statute and was adequate to establish the lien for the furnishing of the furnace at the agreed price and for the work of placing and connecting the same. The mechanics' lien statute should not be so construed as to defeat its obvious purpose and intention, where there is a reasonable and substantial compliance with its provisions in order to create a lien. We think there was such compliance in the instant case.

The decree of the district court is, therefore,—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.