W. D. Jenkins Lumber Company, Appellant, v. Cramer Brothers et al., Appellees.

**TRIAL: Trial on Pleadings—Matters Considered.** An action submitted for decision on the pleadings only must necessarily be tried on admitted allegations only. So held in an action to vacate a judgment, wherein plaintiff alleged and defendant denied: (a) That the entire controversy had been settled prior to the commencement of the main action; (b) that the judgment was obtained by fraud; and (c) that plaintiff did not discover the judgment until a certain date.

**COMPROMISE AND SETTLEMENT: Burden of Proof—Affirmative Nature of Plea.** Compromise and settlement is an affirmative plea, demanding proof of him who so alleges.

**FRAUD:** Evidence—Burden of Proof. Principle recognized that fraud is·never presumed.

**JUDGMENT:** Opening or Vacating—Want of Notice of Entry of Judgment. One who has been duly served with a legally sufficient original notice of suit, and ignores it, will not be heard to say that he did not have notice of the entry of judgment. (Secs. 3755, 4091, Code, 1897.)

**JUDGMENT:** Opening or Vacating—Defect of Parties—Waiver. A judgment will not be set aside on the plea of defect of parties, when such defect might easily have been discovered by the one asking the vacation. (Secs. 3755, 4091, Code, 1897.)

**JUDGMENT:** Opening or Vacating—Failure to Allege Defense. Judgments will not be vacated in favor of one who fails to show that he has a defense to the action. So held in an action to vacate a decree of foreclosure of a subcontractor's mechanics' lien, wherein the owner, applicant to vacate, did not deny the subcontractor's allegation that he (the owner) was owing the principal contractor sufficient to pay the claim. (Secs. 3755, 4091, Code, 1897.)

**JUDGMENT:** Opening or Vacating—Meritorious Defense—Inexcusable Neglect to Plead. The right to interpose a meritorious ·defense may be lost by inexcusable neglect. (Secs. 3755, 4091, Code, 1897.)

**JUDGMENT:** Opening or Vacating—Failure to Defend—Estoppel to Deny Truth of Pleaded Fact. Negligently failing to defend, after adequate service of notice of suit, estops defendant, on an application to vacate the decree, from denying any asserted fact on which the judgment rests.

PRINCIPLE APPLIED: Legal notice of ·suit to foreclose a subcontractor's mechanics' lien, arising out of a contract with another subcontractor, was duly served on defendant, owner of the premises. The principal contractor was not made a party defendant. The defendant ignored the notice. *The petition alleged that the owner then owed the principal contractor an amount sufficient to discharge plaintiff's lien.* Judgment by default was entered against the subcontractor defendant, for whom the materials were furnished by the plaintiff subcontractor, and decree of foreclosure entered against the owner's property. *Held*, in an application by the owner to vacate the decree, that the owner would not be permitted to deny that he was owing the principal contractor an amount sufficient to pay plaintiff's lien.

**PARTIES:**   New Parties—Intervention After Termination of Controversy.   Intervention is unknown to a proceeding which has been fully terminated.   So held where, after a final judgment had been *erroneously* vacated, intervention was permitted by the trial court.

**JUDGMENT:**   Opening or Vacating—Erroneous Vacation—Validity of Subsequent Proceedings.   All proceedings in an action, such as trial, intervention, etc., occurring *after a final judgment has been erroneously vacated*, are necessarily without legal effect.

*Appeal from Linn District Court.*—F. O. ELLISON, Judge.

NOVEMBER 17, 1916.

REHEARING DENIED DECEMBER 18, 1917.

ACTION in equity by John Palumbo to set aside a decree of foreclosure of a mechanics' lien.   Decree as prayed. This controversy, by stipulation, reaches this court under the title which was carried in the foreclosure suit, in which Palumbo was a defendant.   The opinion states the facts.— *Reversed and remanded.*

*L. M. Kratz,* for appellant.

*Crissman, Linville & Churchill,* for appellees.

GAYNOR, C. J.—A judgment was regularly entered in favor of the plaintiff against the defendants Cramer Bros., and a decree establishing a lien against the property of the defendant John Palumbo for the amount of the judgment. The present action is to vacate and set aside the decree. We set out the pleadings herein in full, because the cause was submitted and determined upon the pleadings.

The original petition on which the judgment was obtained and the decree entered was filed June 6, 1914, and is, in substance, as follows:

Par. 1.   W. D. Jenkins Lumber Co. is engaged in the retail lumber and coal business.

Par. 2.   The defendant Cramer Bros. is a copartner-

ship, composed of the above named defendants George Cramer and R. W. Cramer, and as such, was engaged and is still so engaged in the general contract business, in the building of houses and other buildings.

Par. 3. On or about the 26th day of July, 1913, the plaintiff and defendants Cramer Bros. made an oral contract, by which the plaintiff was to furnish lumber and other materials for the building of a certain two-story brick building on the northwesterly 50 feet of Lot 10, Block 4, West Cedar Rapids.

Par. 4. The said defendant John Palumbo, prior to said date, had entered into a written contract with one John Klepach for the erection of said brick building on said described land, and said Cramer Bros. were subcontractors for the lumber and carpenter work on said building.

Par. 5. Under and by virtue of the oral contract entered into by and between the plaintiff and the defendants Cramer Bros., the plaintiff furnished the lumber and other materials for the erection of said building, as set out in Exhibit A, attached hereto and made part hereof.

Par. 6. Said lumber and materials were furnished for the aforesaid building at the respective dates, and at and for the respective prices, as is shown in said Exhibit A.

Par. 7. There is still due and owing to plaintiff for said lumber and materials the sum of $666.50, no part of which has been paid.

Par. 8. The said real estate and brick building are still the property of the defendant John Palumbo, and the said John Palumbo still has in his hands sufficient money due from him on his said contract with John Klepach with which to pay all of the claim of this plaintiff.

Par. 9. On the 24th day of March, 1914, plaintiff filed in the office of the clerk of the district court of Linn County, Iowa, a just and true account of his demand due and owing from the defendant Cramer Bros. for said lumber

and materials furnished as aforesaid, verified by affidavit, and claiming a mechanics' lien therefor, a copy of the same is hereto attached, marked Exhibit A, and as such, made part hereof.

Par. 10. On the 27th day of March, 1914, plaintiff served on the defendant John Palumbo a written notice of the filing of said claim for a mechanics' lien, in words and figures following, to wit: "To John Palumbo: You are hereby notified that we did, on the 24th day of March, 1914, file with the clerk of the district court of Linn County, Iowa, a true statement or account of the amount due us, after allowing all credits, for materials furnished for the erection of a certain residence and store building on the following described real estate, to wit: The northwesterly 50 feet of Lot 10, in Block 4, West Cedar Rapids, Linn County, Iowa, and claiming a mechanics' lien on said building and land for $666.50, the balance due us thereon.

"Dated March 27, 1914.

"W. D. Jenkins Lumber Co.,
"By W. D. Jenkins, Owner."

Wherefore, plaintiff demands judgment against the defendants Cramer Bros., George Cramer and R. W. Cramer, for $666.50, together with interest thereon at six per cent from date of judgment, and prays that the mechanics' lien be established and enforced against the building and land aforesaid as provided by law, and that special execution issue herein for the sale of said premises, or so much thereof as may be necessary to satisfy said judgment, interest, and costs, including the $1.00 filing fee paid by plaintiff for the filing of the statement of claim for a mechanics' lien, and for such other and further relief as in the premises may be equitable.

To this petition was attached a copy of the itemized statement, duly verified, filed by the plaintiff in the office of the clerk of the district court.

The defendants Cramer Bros. and John Palumbo were duly served with an original notice of the commencement of this action. In this notice, they were cited to appear on the second day of the September term, 1914, and notified that, unless they did appear, default and judgment would be entered against them as prayed. None of said defendants appeared, either in person or by attorney.

On the 22d day of October, 1914, being one of the days of the regular September term, default was entered against all defendants, and judgment entered against Cramer Bros. for $666.50, and a decree of foreclosure of the mechanics' lien on the property of the defendant Palumbo, as prayed in the petition.

On the 15th day of December, 1914, John Palumbo, one of the defendants in the foregoing suit, filed a petition in equity for the January, 1915, term, to vacate and set aside the decree making Jenkins Lumber Company defendants, as follows:

"Par. 1. That plaintiff is now and was at all times hereinafter stated, the owner of the northwesterly fifty feet of Lot 10, in Block 4, in West Cedar Rapids.

"Par. 2. That prior to, or about the 26th day of July, 1913, plaintiff made a contract with one John Klepach for the erection of a building on said lot; that said building was fully completed and the contract fulfilled on the part of said John Klepach, on or about the 16th day of January, 1914.

"Par. 3. That, as plaintiff is advised and believes, the said John Klepach made a subcontract for the lumber and carpenter work with Cramer Bros., a firm composed of George and R. W. Cramer, which said contract was performed by the said Cramer Bros., and the last item for labor and material furnished them thereunder was on or about the 16th day of January, 1914.

"Par. 4. That, on or about the said 16th day of Jan-

uary, 1914, there was a settlement had by and between the said John Klepach and said Cramer Bros., for all the material and labor furnished for said building, at which settlement the said W. D. Jenkins Lumber Co. was present and took part, and at which time it was found there was due and owing from said Cramer Bros. to said defendant a sum of $666.50, and at which said time there was also had a settlement between the said John Klepach and said Cramer Bros., in which the said defendant W. D. Jenkins Lumber Co. took part, and at which time it was found and agreed that the said John Klepach was owing to said Cramer Bros. the sum of $666.50, which amount it was agreed by and between the said John Klepach, the said Cramer Bros., and the defendant W. D. Jenkins Lumber Co., should be paid direct to the said Cramer Bros. in full settlement and satisfaction of their claims and demands against the said John Klepach, and that the said defendant would look to the said Cramer Bros. for the amount due it from them for the material and labor furnished for the building aforesaid, and that the said payment by the said John Klepach to the said Cramer Bros. was made at the special instance and request of the said defendant; that the said defendant thereby waived any and all rights to mechanics' lien they then had or might claim as against the said property of plaintiff, and was then and is now estopped by reason of said acts from claiming or enforcing any lien against the property of plaintiff by reason of any material or labor furnished to the said Cramer Bros. therefor.

"Par. 5. That on or about the 24th day of March, 1914, the said defendant filed its statement for mechanics' lien against the said property for material and labor furnished by it to the said Cramer Bros. as aforesaid.

"Par. 6. That on or about the 6th day of June, 1914, defendant began an action in this court to foreclose said mechanics' lien for the September, 1914, term thereof, same

being cause No. 23433, reference to the petition therein being hereby expressly made.

"Par. 7.   That the plaintiff in said action. W. D. Jenkins Lumber Company, asks for personal judgment against Cramer Bros., George Cramer and R. W. Cramer, and did not make 'the said John Klepach, principal contractor for this ' plaintiff for said building, a party defendant.

"Par. 8.   That, on the 22d day of October, 1914,, it being of the September term of this court, the said W. D. Jenkins Lumber Company, 'through its attorney, had and procured a judgment to be entered against this plaintiff in said action for the establishment and foreclosure of mechanics' lien for the sum of $666.50 and $10.70 costs against the said property of plaintiff, as described in Par. 1.

"Par. 9.   That said judgment against plaintiff for the establishment of said mechanics' lien against the property of plaintiff was irregular, and procured through fraud practised on the court by plaintiff therein and its attorney, and is, therefore, void.

"Par. 10.   That this plaintiff did not discover or know of the procuring of said judgment and the establishing of said mechanics' lien against his said property until after the 2d day of the November, 1914, term of said court.

"Wherefore, plaintiff prays that the said judgment and decree of establishment of said mechanics' lien be vacated and set aside as against the plaintiff and his said property, and for such other and further relief as to the court may seem equitable in the premises."

To this petition Jenkins Lumber Company appeared and filed answer duly verified, as follows:

"Par. 1.   Denies each and every allegation and statement, except as the same may hereinafter be specifically admitted.

"Par. 2.   Admits the contract referred to in Par. 2 of

plaintiff's petition, but has no knowledge of the terms and conditions of said contract, and has no knowledge as to the time of the completion of said building therein referred to, and calls for proof.

"Par. 3.   Admits Par. 3 of plaintiff's petition.   Denies Par. 4 of plaintiff's petition.   Admits Par. 5 and Par. 6, and further avers that, at the time of the filing of the statement for a mechanics' lien, as stated in Par. 5 of the petition of plaintiff, notice of the filing of the statement was served on the plaintiff, John Palumbo, as provided by law, and that due and legal service of the original notice of the action referred to in Par. 6 of plaintiff's petition was had on the plaintiff, John Palumbo, in due time for the September term, 1914, of this court, and reference to said original notice is hereby made, and by such reference, the same is made part of this answer, said original notice being on file in the office of the clerk of this court as part of the papers in said cause, showing the return of service as stated.

"Par. 4.   Admits Par. 7 and 8.   Denies Par. 9.   Denies that there was any fraud or misrepresentation practiced on the court or on any other person.

"Par. 5.   Has no knowledge of the facts set out in Par. 10, and therefore denies same.

"Wherefore, defendant prays that plaintiff's petition may be dismissed at his costs."

No evidence was taken in support of either contention. On the 6th day of January, 1915, the cause was submitted to the court upon the pleadings.   On the 12th day of January, 1915, the court finds on the pleadings for the plaintiff, John Palumbo, defendant in the original suit, and that he is entitled to have the judgment and decree establishing mechanics' lien, entered on the 22d day of October, 1914, set aside and cancelled, and judgment was entered accordingly against Jenkins Lumber Company for $6.65 and costs.

From the action of the court in so doing, the plaintiff, Jenkins Lumber Company, appeals.

If the court was wrong in this, all subsequent proceedings fall of their own weight, and so we address our attention first to the action of the court in setting aside the judgment.

It will be noted from the foregoing pleadings that, on the 24th day of March, 1914, the plaintiff in the original suit, Jenkins Lumber Company, filed with the clerk of the district court a true statement of the amount due from Cramer Bros., alleging that the same was for materials furnished for the erection of a building on the northwesterly 50 feet of Lot 10, Block 4, property owned by the defendant, Palumbo, and in said statement claimed a mechanics' lien on the building for $666.50; that, on said day, notice of said claim and the filing thereof was duly served on said Palumbo.

On the 6th day of June, 1914, an action was commenced by Jenkins Lumber Company, and a petition duly filed on that day, praying for judgment against Cramer Bros., and the copartners, for the amount of the claim as shown by the lien, and praying that a mechanics' lien be established and foreclosed against the building and land described in the statement for the lien and in the notice.

Due, legal, and timely notice of the hearing of said petition was served upon the defendants Cramer Bros. and the copartners, and also upon the defendant John Palumbo, citing them to appear and defend on the second day of the September term, 1914, and notifying them that, unless they did appear, default would be entered against them, and judgment as prayed.

None of the defendants appeared either in person or by their attorney, and, on the 22d day of October, 1914, being one of the regular days of the September term of court, default was entered against all of the defendants, and a de-

cree of foreclosure of mechanics' lien on the property of Palumbo, as prayed in the petition.

This decree and judgment stood unchallenged until the 15th day of December, 1914, when John Palumbo appeared for the first time in the suit, and filed the petition hereinbefore set out. In this petition he admits that he entered into a contract with John Klepach to erect a building, for him on the lot described in plaintiff's original petition, and that said building was fully completed by John Klepach on the 16th day of January, 1914.

He says that he is advised and believes that John Klepach, in the execution of the contract between him and Klepach, made a subcontract with his codefendants, Cramer Bros., and that such contract was performed by Cramer Bros., and labor and material furnished, the last item of which was on January 16, 1914.

He further admits that, on the 24th day of March, 1914, Jenkins Lumber Company filed a statement for a mechanics' lien against the said property for material and labor furnished by it to the said Cramer Bros.; that, on the 6th day of June, 1914, Jenkins Lumber Company began a suit to foreclose said mechanics' lien for the September term, 1914; that, on the 22d day of October, 1914, being still one of the days of the September term, Jenkins Lumber Company procured a judgment to be entered against this plaintiff, Palumbo, in said action, for the establishment and foreclosure of its lien in the amount of $666.50.

These facts, therefore, are not in dispute. The only facts alleged upon which he could predicate his right to have the judgment entered in favor of Jenkins Lumber Company vacated and set aside are:

1st. That, prior to the commencement of that suit, John Klepach, with the knowledge and consent of Jenkins Lumber Company, had settled in full with Cramer Bros. for all material furnished, the Jenkins Lumber Company

agreeing to take Cramer Bros. for the account, and thereby waiving the lien.

2d. That Jenkins Lumber Company, in its foreclosure suit, did not make the original contractor, John Klepach, a party.

3d. That the judgment against Palumbo for the establishment of said lien against his property was irregular and procured through fraud practiced on the court by the Jenkins Lumber Company, and is, therefore, void.

4th. That Palumbo did not discover or know of the procuring of said judgment and the establishment of said lien against the property, until after the second day of the November, 1914, term of said court.

Jenkins Lumber Company filed an answer to this petition to vacate the judgment, and admitted that the principal contractor, John Klepach, was not made a party to the suit; denied the other propositions. The cause was submitted on the pleadings, with their allegations, admissions, and denials.

1. TRIAL: trial on pleadings: matters considered.

As the cause was submitted on the pleadings, no allegation of the petition to vacate can be taken as true that is denied by the Jenkins Lumber Company in their answer.

It will be noticed that, in the answer made by Jenkins Lumber Company to the petition to vacate, Paragraphs 4, 9, and 10 are denied. Paragraph 7 is admitted. Paragraph 4 alleges a settlement. Paragraph 7 alleges that the principal contractor was not made a defendant in the original suit in which the judgment was entered. Paragraph 9 charges fraud practiced in procuring the judgment. Paragraph 10 alleges want of knowledge of the foreclosure until the 2d of November, 1914. The allegations of Paragraphs 4, 9, and 10 are denied by Jenkins Lumber Company in their answer.

A settlement is an affirmative plea: if alleged, it must be proven. A settlement

2. COMPROMISE AND SETTLE- MENT: bur- den of proof: affirmative nature of plea.

alleged and not proven to have been made, does not furnish a basis for court action. The court cannot assume a substantive fact to be true, where the burden of proof rests upon the person alleging the affirmative fact. This is certainly true in the absence of any proof establishing it affirmatively. This is true of the fourth paragraph of the petition to vacate.

Palumbo, in his petition to vacate the judgment, alleges settlement. The Lumber Company denies it; no proof is offered. The allegation is, therefore, not sustained.

3. FRAUD: evi- dence: burden of proof.

In Paragraph 9, he alleges fraud. Fraud is never presumed, and the party alleging it assumes the burden of establishing its existence by affirmative evidence. None was offered, and we cannot assume that fraud was practiced.

4. JUDGMENT: opening or va- cating: want of notice of entry of judg- ment.

Paragraph 10 alleges a want of notice of the entry of the judgment and decree. However, this is also denied, and there is no proof that he was duly served with notice. He failed to appear. He is presumed to know that which, by the exercise of ordinary diligence, he should have known. He was served with an original notice. The petition was filed in due time. The petition recited the Lumber Company's claim, and the relief asked for. If he did not know it, it was his own fault.

5. JUDGMENT: opening or vacating: de- fect of par- ties: waiver.

We then have but one allegation admitted, of all the allegations made in the petition to vacate, upon which any argument can be based to sustain the action of the court in setting aside the decree, and that is, the fact that the original contractor was not made a party to the suit. This was a fact that could have

been easily ascertained by an examination of the pleading
filed. Palumbo had due notice of the filing of the petition.
The slightest diligence on his part could have ascertained
that fact. If he considered the original contractor a neces-
sary party to the suit, and the court considered him a
necessary party to the suit, this defect might have been
remedied by motion. Palumbo failed to appear and file any
motion. He cannot be heard now to say that there was a
defect of parties. No fraud was practiced upon the court in
this respect, for the reason that, in the fourth paragraph of
plaintiff's original petition, it was stated that John Klepach
was the original contractor, and that Cramer Bros. were
subcontractors, and that the material for which the money
was claimed was furnished to these subcontractors.

As said before, Palumbo is charged with notice of the
contents of the petition, and cannot now be heard to say
that he did not know what that petition contained. When
served with notice, it was his duty to know what it con-
tained, and to know what relief was asked for against him.

It was alleged in the original petition
6. JUDGMENT: that Palumbo still had in his hands sufficient
opening or money, due from him on his contract with
vacating: John Klepach, to pay all the claim of the
failure to al-
lege defense. plaintiff. Of this allegation, Palumbo was
bound to take notice; and if it did not assert the truth, it
was his duty to defend against it.

It will be further noted that, in his petition to set
aside the decree against him, Palumbo nowhere alleges that
he did not have in his hands, belonging to the original con-
tractor, sufficient funds to discharge this claim of the Lum-
ber Company's.

The original petition alleges that John
7. JUDGMENT: Klepach was the original contractor; that
opening or
vacating: Cramer Bros. were only subcontractors un-
meritorious der Klepach; that the lumber was furnished
defense: in-
excusable neg- to Cramer Bros., to be used in the construc-
lect to plead.

tion of the house under the Klepach contract. The petition showed upon its face that Klepach was not made a party. So it follows that the court could not have been deceived by the absence of Klepach from the record, in entering the judgment and decree complained of. Moreover, Palumbo knew with whom his contract was made. He was served with notice of the lumber company's claim of lien, and that the claim rested upon the fact that lumber was furnished by the lumber company to Cramer Bros., subcontractors. Palumbo not only knew this from the notice served upon him of the filing of the lien, but he knew or should have known it from the allegations of the petition. Every opportunity was given him to interpose this defense before judgment was entered. Even if it were a good defense, he did not seek to avail himself of it. He allowed judgment to go against Cramer Bros., and a decree against his property for the amount.

Nowhere in his petition does he deny that the amount for which the judgment so rendered against Cramer Bros. was not the true amount. Nowhere in his petition does he allege that the amount due the lumber company from Cramer Bros. exceeded the amount due from him to Klepach. If Klepach had been made a party, the only defense Palumbo could have interposed would have been that there was not as much due Klepach as the lumber company was asking to have established against the property. See Section 3094 of the Code of 1897. If it were true that there was not that much due from Palumbo to Klepach, at the time the lien was filed, and Klepach had been made a party, that would be the only defense which Palumbo could have interposed against the lumber company's claim, a defense which he does not show would have been available to him if Klepach had been made a party. Even conceding Klepach to be a proper party, it is not shown that this defense would have been available to him.

However that may be, the judgment was entered after due notice to the parties. Every defense available to them should have been interposed at the time of the original suit. Since they have failed to appear and defend, every defense then available to them is waived, and the judgment will be, and is, conclusively considered to have been properly and lawfully entered, and cannot be set aside except for some of the statutory grounds provided in Sections 3755 and 4091 of the Code of 1897.

None of the statutory grounds are proven, and no grounds are alleged calling for the exercise of that larger power of a court of equity—no allegation or proof that the judgment attacked is inequitable or unjust or unconscionable. Nothing is alleged invoking the larger powers of a court of equity.

We may assume, as claimed, that it was the duty of the subcontractor to allege and prove that there was an amount in the hands of the owner due the principal contractor to the extent of his lien. Palumbo was charged with notice of the contents of the petition. In the eighth paragraph of plaintiff's original petition, it was alleged that Palumbo still had in his hands sufficient money due from him on his contract with John Klepach for the erection of said building, with which to pay all the claims of the lumber company. This was the allegation of a fact. This fact was not denied by Palumbo in his petition to vacate the judgment. The court having entered judgment for the lumber company upon its petition, we must assume that this fact, if essential to the right of the lumber company to recover, with the other facts, was proven by competent testimony, nothing to the contrary appearing. If the fact were not true, and Palumbo desired to contest that allegation of the petition, he should have appeared and defended against it. His failure to appear and defend now

8. JUDGMENT: opening or vacating: failure to defend: estoppel to deny truth of pleaded fact.

estops him from denying any asserted fact on which the judgment rests. If he desired to avail himself of the defense that there was not enough in his hands to meet the claim urged against him in this suit, he could have protected himself by pleading and proving that fact, or by simply denying the fact, if the burden rested upon the lumber company, and putting the lumber company upon its proof. It is a matter of which he had personal knowledge, or should have had personal knowledge. Since there was a failure to deny this fact, as pleaded, a failure to meet proof of this fact by proof to the contrary, it follows that the entry of a judgment based on the truth of this allegation now estops him from urging this defense in the manner in which it is sought to be urged here.

We must assume that the court found the fact affirmatively in favor of the plaintiff, in so far as this fact was essential to the right to enter judgment, and we are confirmed in this, inasmuch as Palumbo has not seen fit to allege to the contrary, even in his petition to vacate the judgment.

In *Wheelock v. Hull,* 124 Iowa 752, the contract sought to be enforced by the subcontractor was made with the principal contractor, and it was held that the principal contractor was a necessary party, because he was the one against whom the judgment should be entered that was to be enforced against the land.

We think that the court, under this record, erred in setting aside the original judgment and decree entered in favor of the plaintiff, Jenkins Lumber Company, against the defendant Palumbo, establishing and foreclosing the mechanics' lien upon his property. On this appeal, therefore, the cause is reversed and remanded, with directions to the court below to dismiss the petition of John Palumbo in which he seeks to vacate and set aside the original judgment

It appears that, after the court had sus-
tained the petition to vacate the judgment,
and vacated the judgment, John Klepach
filed a petition of intervention, on the as-
sumption that, the court having sustained
the petition to set aside the judgment, the cause was still
pending. A motion was made to strike this petition of
intervention. This motion was overruled.

9. PARTIES:
new parties:
intervention
after termina-
tion of con-
troversy.

Holding, as we do, that the court should have dismissed
the petition to vacate the judgment, the controversy be-
tween the plaintiff and defendant Palumbo was over, and in-
tervention was not permissible. There was, then, no con-
troversy between the plaintiff and the defendants in the
original suit. The controversy had been ended and merged
into the judgment, and the intervention should have been
denied. See *Keehn v. Keehn*, 115 Iowa 467, and authorities
cited therein.

Moreover, the plaintiff in the original petition alleged
that there was money enough in the hands of the owner,
due the principal contractor, to meet plaintiff's claim. No-
where in the petition to vacate the judgment is this fact de-
nied, nor is it affirmatively alleged that there was not suffi-
cient in the hands of the owner due the principal contractor,
to meet plaintiff's claim. Even if it were assumed that the
burden was upon the plaintiff to establish this fact, we must
assume that the court found the fact in favor of the plaintiff
upon the allegation made, and entered decree accordingly.
The plaintiff in the action to vacate the judgment has not
put himself in any position to invoke the statute heretofore
referred to, authorizing the vacation of judgments; nor has
he put himself in any position to invoke the broader equi-
table powers of a court of equity to grant relief where judg-
ments are unconscionable.

Holding, as we do, that the court erred in vacating the judgment, and that the judgment as originally rendered should have been permitted to stand as a verity, the petition of intervention should not have been allowed. Nor should there have been a retrial upon the issues tendered by the plaintiff in the original petition. All that transpired, after the entry of the judgment, was without jurisdiction, for the reason that there was no authority for retrying issues which had been affirmatively adjudged against the defendants and merged into a binding judgment.

**10. JUDGMENT: opening or vacating: erroneous vacation: validity of subsequent proceedings.**

The court erred, not only in setting aside the judgment originally entered, but in taking evidence upon the petition of intervention, and adjudging adversely to the plaintiff upon the merits. The cause is, therefore, reversed and remanded, with instructions to dismiss the petition to vacate the judgment, and to dismiss the petition of intervention, and to set aside the unauthorized judgment entered against the lumber company upon such hearing.—*Reversed and remanded.*

LADD, EVANS, and SALINGER, JJ., concur.