JOHN PALUMBO, Appellee, v. W. D. JENKINS LUMBER COMPANY, Appellant.

APPEAL AND ERROR: Reversal—Damages for Delay. In an *independent* action by a judgment defendant to set aside the judgment, successful in the trial court but *reversed* on appeal, the trial court may not, after such reversal, enter, by way of damages because of delay, a judgment against the unsuccessful plaintiff, based upon a percentage of the judgment in the other case. (Sec. 4099, Code, 1897.)

APPEAL AND ERROR: Reversal—Penalty—Damages—Discretion. Damages for delay in prosecuting an unsuccessful appeal may be wholly refused by the court on remand.

*Appeal from Linn District Court.*—F. F. DAWLEY, Judge.

JANUARY 20, 1920.

THIS is a proceeding under Section 4099 of the Code for additional judgment for damages resulting from the delay in proceedings by reason of the vacation of a judgment. The trial court found for Palumbo, and declined to

assess against him the penalty or additional judgment asked by the lumber company. The lumber company appeals.—*Affirmed.*

*L. M. Kratz,* for appellant.

*Crissman & Linville,* for appellee.

PRESTON, J.—The record in this case is short, but it is somewhat mixed, though counsel for appellant says in argument that the facts showing that it is entitled to the additional judgment are lucidly apparent from the record. According to the abstract, Palumbo is the plaintiff and appellant, and Mr. Kratz is his attorney; and the lumber company is the appellee, and Crissman & Linville are its attorneys. It seems that the original case was entitled *W. D. Jenkins Lumber Co., v. Cramer et al.* Palumbo was one of the defendants therein. Palumbo filed a petition in equity to vacate said judgment, and, as we understand it, this was by a separate action, wherein Palumbo denominated himself plaintiff. The original case seems to have been numbered 23433, and the other, 24013. On this appeal, the lumber company is referred to as the appellant in some places and as appellee in others, and as plaintiff in some places, and as defendant in others; and that is true as to Palumbo. Palumbo was the plaintiff in the petition to set aside the decree, and was appellee in the first appeal to this court. These matters, with the wrong designation of the parties appellant and appellee on this appeal, doubtless cause the confusion. We assume from the entire record that the lumber company is the appellant, and is asking the penalty or additional judgment against Palumbo. The entire record and the notice of appeal so show.

It appears that, on October 22, 1914, a judgment by default was entered in favor of W. D. Jenkins Lumber Com-

pany against Palumbo, establishing a mechanics' lien and foreclosing the same against the property of said Palumbo, for $666.50. On December 15, 1914, Palumbo filed in the district court his petition in equity to vacate and set aside said judgment and the decree, which application was sustained, and the judgment and decree against Palumbo set aside. From such ruling the lumber company appealed to the Supreme Court, and the judgment of the district court was reversed, November 17, 1916. *W. D. Jenkins Lumber Co. v. Cramer Bros.*, 182 Iowa 161. On January 29, 1918, on application of the lumber company, the district court made the following order:

"January 29th. In accordance with procedendo from the Supreme Court, the plaintiff's petition to vacate judgment is dismissed on the merits at plaintiff's costs, and judgment accordingly. Pursuant to Section 4099 of the Code, additional judgment is rendered in favor of defendant, and against John Palumbo, plaintiff, for $66.65, being ten per cent damages on amount of original judgment affirmed."

February 1, 1918, Palumbo filed a motion to set aside the judgment of $66.65, above referred to. The motion was entitled John Palumbo, plaintiff, v. W. D. Jenkins Lumber Co., defendant, cause No. 24013, and says:

"Now comes plaintiff in the above-entitled action, and moves that the order and judgment made and entered in the above-entitled action in the sum of $66.65, or 10 per cent of the judgment rendered in cause No. 24013, be vacated and set aside."

The grounds of the motion were:

"That no judgment for $666.50, on which to base an additional judgment of ten per cent, was ever rendered in case No. 24013; that the only judgment rendered or that could be rendered in said case was for costs on dismissal after reversal, and Section 4099 of the Code has no application; that no motion was ever made for judgment, and no

notice thereof .was served on the plaintiff; that the court did not have full knowledge of the facts; that the judgment for $66.65 is inequitable, unconscionable, and oppressive; that there was never any affirmance of the judgment rendered in said cause."

On February 4, 1918, said motion was sustained, and the judgment of January 29th for $66.65 was set aside. Thereafter, the lumber company renewed the motion for damages, under the section of the statute before cited. Appellant's contention is that the collection of its judgment in the original case was delayed about three years by the wrongful setting aside of the original judgment against Palumbo. It asked that the penalty or additional judgment be entered against Palumbo in the case wherein Palumbo was plaintiff in the application to set aside the original judgment and decree, using the judgment in the other case as a basis for computing the amount. The only relief asked in the action to set aside was that the judgment and decree be vacated. The trial court sustained that application; but it was reversed by the Supreme Court; and we think the only entry that could be made in that case would be to dismiss Palumbo's petition to vacate, and this was .done. The decree vacating the original judgment was reversed in the Supreme Court, and not affirmed. The statute provides for assessing additional judgment when the appeal is affirmed. We think appellant's contention that the action was wrongful, in the sense that a penalty should be imposed therefor, cannot be sustained. Palumbo had a right to make an application to vacate and set aside the original judgment and decree. The error was that of the trial court, as it turned out afterwards on appeal. No bad faith is shown on the part of Palumbo in that application. When the vacating order was reversed, that left the appellant's judgment standing against Palumbo, and it

1. APPEAL AND ERROR: reversal: damages for delay.

would draw interest from the time it was originally entered; and this would cover, of course, the three years' delay complained of.  Ordinarily, this is sufficient compensation for any delay occasioned by the vacating order, in the absence of bad faith.  Perhaps a case might arise where an injunction had been granted, restraining the collection of a judgment or the like, which might justify assessing of penalty or additional judgment.  But we have no such question here.  It is further contended by appellant that the discretion of the trial court, referred to in Section 4099, applies only to the amount; that the statute is mandatory that an additional judgment must be entered in some amount.  We are of opinion that there is a discretion in the trial court whether to assess any penalty.  The trial judge is on the ground, and can ordinarily understand the situation and determine whether any penalty should be assessed.  We think appellant was not entitled to any additional judgment in the case that was reversed, nor in the original case, for that matter, and the trial court properly set aside the said additional judgment of $66.65, and properly declined to enter a judgment therefor on appellant's application thereafter to do so.

2. APPEAL AND ERROR : reversal : penalty : damages : discretion.

Under Section 243 of the Code, the court had authority to set aside the judgment of $66.65, at the same term when attention was called to the fact that it had been improperly and erroneously entered.  The action of the district court is—*Affirmed*.

WEAVER, C. J., EVANS and SALINGER, JJ., concur.